CASE 110—PETITION ORDINARY—SEPTEMBER 17.

## Daniel v. The Trustees of Richmond.

APPEAL·FROM MADISON CIRCUIT COURT.

A provision of the charter of the town of Richmond authorizing a tax of five per cent. upon all sales made by auctioneers, except such as are made by citizens of the town or county who are *bona fide* owners of the property sold, discriminates against citizens of other states, and is unconstitutional. (Sec. 2, art. 4, Constitution U. S.)

*Also Art 1, § 8,*

W. B. SMITH AND R. E. LITTLE FOR APPELLANT.

1. The portion of the town charter in question is in conflict with section 2, article 4, Constitution of the United States. (Ward v. Maryland, 12 Wall., 418; Cooley's Constitutional Limitations, 16; Brown v. Maryland, 12 Wheat., 449; 2 Dillon on Municipal Corporations, p. 690, note; Ibid, sec. 591.)

2. Every tax must be certain, equal and universal. (Cooley on Constitutional Limitations, 129; Althorp v. Nashville, 5 Coldw., 554; Budd v. State, 3 Hump , 483; Wallys v. Kennedy, 2 Yer., 554; Officer v. Young, 5 Yer., 320; Jones v. Perry, 10 Yer., 59.)

T. J. SCOTT FOR APPELLEE.

1. The tax provided for by the clause of the town charter under consideration is not a property tax, but an occupation tax, the amount of which is regulated by the extent to which the occupation or privilege is enjoyed. (Lob v. Ross, 38 Ala., 156.)

2. The portion of the charter authorizing the tax does not violate either the State or Federal Constitution. (Monk v. Commonwealth, 6 Bush, 397; Commonwealth v. Smith, 6 Bush.)

Daniel v. The Trustees of Richmond.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The charter of the town of Richmond provides that the board of trustees thereof "shall have the power and authority to tax all auctioneers, in a sum not exceeding five per cent., for all goods, wares, merchandise, and articles sold to bidders within said town, except *property sold by citizens of the town or county, and who are bona fide owners thereof*, &c., and shall have a lien on the articles sold or to be sold for such tax until the same is paid, or the person selling the same takes out license for that purpose."

The board of trustees adopted an ordinance in pursuance of the charter, and in substance like the above quotation from it, and fixed the license of auctioneers and salesmen at five dollars for *residents of Madison* county and *ten dollars for such as were not residents of that county*.

The appellant, as an auctioneer, sold goods belonging to citizens of Cincinnati, Ohio. The trustees demanded the five per cent. on the amount of his sales made within the corporate limits of Richmond, which he refused to pay, questioning the constitutionality of the law. It was then agreed that he should deposit the amount of the tax with a third party, who was to hold it until a judicial determination of the question could be had. For that purpose suit was instituted, and the court below decided that the charter was constitutional, and the ordinances made in pursuance of it legal and valid. To revise that judgment this appeal has been brought before us.

It is true, the presumption is always to be indulged in favor of the constitutionality of an act of the legislature, and the burden of proof lies upon the party disputing its constitutionality.

But while impressed with the importance of upholding the constitutionality of legislation, plain duty, imposed by the constitution, demands that this court should declare legislative enactments inhibited by it null and void.    (Brown v. State of Maryland, 12 Wheaton.)

Section 2 of article 4, Constitution of the United States, declares, that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

Besides, no state shall lay any imposts or duties on imports or exports or tonnage, and Congress has the power to regulate commerce among the states.    While the Supreme Court has not undertaken to fix the extent of meaning to be attached to the words "privileges and immunities," yet it says they are of comprehensive meaning, and that the clause quoted unmistakably secures the right of a citizen of one state to pass into another for the purpose of engaging in lawful commerce, trade, or business, and to be exempt from any higher taxes than are imposed by the state upon its own citizens.    (Brown v. Maryland, 12 Wheaton, 449; Ward v. Maryland, 12 Wallace, 430; Cooley on Constitutional Limitations, p. 16; State v. North *et al.*, 27 Mo., p. 467.)

In the charter before us there is a discrimination made against the goods and merchandise brought into this state for sale by non-resident owners.    Their goods and merchandise are taxed five per cent. on all sales, through the auctioneer or salesman who makes them; but similar property of residents of Richmond and the county it is situated in are exempted from that burden.

And the discrimination is even carried further, by requiring non-residents to pay ten dollars for a license to sell, while residents of the county are taxed only five dollars for the same privilege.

But it is contended that these assessments constitute but a tax upon an occupation which the state may rightfully authorize, and are therefore not within the objection urged to them.

But we cannot discover the real difference between a tax upon the sale of an article and a tax upon the article itself. It needs no argument in this country, filled with tariff discussions, to demonstrate that the burden is bound, finally, to fall upon the owner or consumer of the article.

The effect of the objectionable features of the charter is to drive competition from the market in Richmond, save as between citizens of Madison county, under the discriminations of a law which, however concealed in its forms or denominated by its advocates, contains the very substance of inequality of privileges and immunities and of commercial regulations forbidden by the provisions of the Constitution before mentioned. The form of the tax is varied, but the substance remains.

The judgment is reversed, as the portion of the charter in question is adjudged unconstitutional, and the cause remanded for further proceedings consistent with this opinion.