Fecheimer Bros. & Co. v. City of Louisville.

CASE 44—PETITION EQUITY—OCTOBER 2.

# Fecheimer Bros. & Co. v. City of Louisville.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A CITY ORDINANCE WHICH DISCRIMINATES AGAINST THE RESIDENTS OF OTHER STATES is in violation of the Federal Constitution, although it makes the same discrimination against the residents of this State outside of the city.

   An ordinance of the city of Louisville provides that any person who conducts his principal place of business without the city, and shall offer to sell goods by sample within the city, shall be required to obtain an annual license therefor, and shall be required to pay for such license a sum not required to be paid by persons having their principal place of business within the city. *Held*—That this ordinance discriminates against the residents of other States, and is, therefore in violation of the Federal Constitution.

2. ONE WHO HAS PAID MONEY TO A CITY UNDER A MISTAKEN BELIEF AS TO THE VALIDITY OF AN ORDINANCE, which required the money to be paid for a license to do business, may recover the money back, the ordinance being invalid.

BROWN & DAVIE AND CHAS. H. GIBSON FOR APPELLANTS.

1. Any license law, whether in the form of a statute or in the form of an ordinance, that discriminates between the local population and persons not resident within its limits, or in favor of one class of persons or merchants as against another class, is absolutely void under the provisions of the Federal Constitution. (Constitution of United States, art. 1, sec. 8; *Ibid.*, art. 4, sec. 2; *Ibid.*, 14th Amendment; Ward v. Maryland, 12 Wall., 418; Welton v. Missouri, 1 Otto, 275; County of San Mateo v. S. P. R. R. Co., Federal Reporter. 14, Nov., 1882, p. 722; Lexington v. McQuillan's Heirs, 9 Dana; Daniel v. Trustees of Richmond, 78 Ky., 542.)

2. Any license coerced or paid under such invalid ordinance, and paid under the belief that it was a valid ordinance, can be recovered back. (Daniel v. Trustees of Richmond, 78 Ky., 542; Trustees of Stanford v. Hite, 2 Ky. Law Rep., 386; City of Owensboro v. Elder, 3 Ky. Law Rep., 255.)

3. The Louisville Chancery Court has jurisdiction of the action. (City of Louisville v. Anderson, 79 Ky., 334.)

T. L. BURNETT FOR APPELLEE.

1. The charter of the city of Louisville provides a special remedy for testing the validity of ordinances, which excludes any other remedy.

2. The ordinance complained of is valid. It does not discriminate against non-residents, but applies alike to all persons, whether resident or non-resident, who have not their principal place of business in the city of Louisville.

Cited upon both of these points:

(Johnston v. Louisville, 11 Bush, 533; Russell v. M. H. Turnpike Co., 13 Bush, 307; Smith v. Drew, 5 Mass., 516; Dillon's Municipal Corp., 2 vol., 3d ed., secs. 791, 792; Worth v. Fayetteville, 1 Winston, part 2d, p. 70; State v. City Council, 2 Speers, Law, 623, 719; Bates v. Mobile, 46 Ala., 158; Carroll v. Mayor, &c., 12 Ala., 173; Speer v. Commonwealth, 23 Grattan; Mork v. Commonwealth, 6 Bush, 397; Smith v. Commonwealth, 6 Bush, 303; Cooley on Taxation, p. 385; City Code, p. 395, sec. 1; Ibid. p. 420. sec. 87; 73 Pa. St., 448, 451; 62 Pa. St., 491; 4 Sneed, 193, 195; 4 Lea, Tenn. 93; 31 La. Ann., 535, 668.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The General Council of the city of Louisville passed an ordinance, approved February 8, 1877, entitled "An ordinance *to license sample dealers*."

Section 1 is as follows: "That any person, whose principal place of business is not in this city, or who conducts his principal place of business without this city, and shall sell or offer to sell any goods, wares or merchandise, by sample or representation, in this city, to any person other than persons living in, or doing a license business in, this city, must first obtain an annual license therefor, and shall pay for such license $200."

2. "Any person violating this ordinance shall be fined not less than twenty nor more than fifty dollars for each offense."

The appellants, who are wholesale merchants, having their principal place of business in the State of Ohio (city of Cincinnati), were selling goods by sample through their commercial agent in the city of Louisville, and being threatened with the penalties for

violating the city ordinance with reference to such sales, paid to the city the license imposed by the ordinance, and are now seeking to recover back the money from the city, on the ground that the ordinance is invalid, because it discriminates against the non-residents of the State, as well as those residing within the State, engaged in the sale of merchandise, in favor of merchants residing within the city of Louisville. It is alleged that the money was paid under a mistaken belief as to the validity of the ordinance, and because they had no practical mode, at the time of the demand, for resisting its payment.

The city charter of Louisville requires that every merchant doing business within the city shall first obtain a license, and the sum to be. paid in the way of license is regulated by the amount of business done, the lowest class being fixed at five dollars and the highest at four hundred dollars.

The plaintiffs, appellants, allege that their annual sales amount to not exceeding $20,000 within the city, and that their license regulated by the ordinance with reference to merchants would be only $25, whereas they are required to pay $200.

Section 2 of article 4 of the Federal Constitution provides that "the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States," and if, as contended by appellants, the ordinance in question is in violation of this provision of the Constitution, it results that the city has obtained from the appellants a sum of money to which it was not entitled, under a mistaken view as to the validity of the ordinance, and are entitled to recover.

While the doctrine laid down by Mr. Cooley, that "the methods in which business shall be taxed are within the legislative discretion," it must also be understood that when such legislation is forbidden by the State or Federal Constitution it is invalid, and will not be enforced. The ordinance under which this payment was exacted applies to the resident of the State as well as the non-resident, and no one having his place of business outside of the city limits is allowed to sell by sample unless he pays the license imposed, and the fact that its provisions apply to the resident of the State as well as the non-resident, does not add to the validity of the act, or give strength to the argument in support of it. The merchant residing in the city of Louisville, it being his principal place of business, can sell twenty thousand dollars' worth of goods in each year, for which he pays a license of twenty or twenty-five dollars, while the merchant or manufacturer residing in the county of Jefferson, or in the city of Cincinnati, is required to pay two hundred dollars for selling by sample, although he may not sell more than one-tenth of the aggregate amount sold by the merchant in the city. The one merchant living in the city can sell by sample without license, and the other is compelled to pay for that privilege, and this discrimination applies to the resident as well as the non-resident.

The statute of Maryland, the validity of which was determined by the Supreme Court in the case of Ward v. Maryland, reported in 12th Wallace, 418, determines the question raised here. There, the facts were almost identical to those found in this case. The

license there imposed on the merchants was regulated by the amount of business done, the highest tax being $150. The non-resident merchant, or the merchant who sold by sample from another State (New Jersey), was required to pay $300. The statute was held void, as it must necessarily be in this case.

In the State v. Furbush, decided by the Supreme Court of Maine (72 Me., 493), where an act was passed allowing goods manufactured in that State to be ped-- dled without a license, and at the same time imposed a license for peddling similar goods manufactured out of the State, it was held that the act was in violation of the Federal Constitution. The same principle was announced in the case of the State v. North & Scott, reported in 27 Missouri, 464, and in the case of Daniel v. Richmond, reported in 78th Ky., 542.

If the city of Louisville, through its council, can impose taxes or exact a license so as to discriminate against all those who live out of the city, and are engaged in like business, and all other cities and towns within the State, by way of retaliation, or for their own protection, should impose like restrictions, it would be a practical destruction of all trade and commerce between this and any other State, and in fact between towns and cities in our own State.

The merchant in Louisville can sell anywhere within the State, while the merchant outside of that city is not allowed to sell within the city limits. That the resident merchant pays taxes for the improvement of streets, the support of the public schools, and for the maintenance of the poor in the city, is no reason why this discrimination should be made. He is supposed

to, and in fact does, receive benefits from the duties thus imposed that do not pertain to the non-resident, and whether so or not, that there is a palpable discrimination in this case is evident, and, therefore, the ordinance is in violation of the Federal Constitution.

Whether the amount of money paid in this case is called a tax or license is immaterial; if either, it is invalid.

One of the objects of this provision of the Constitution was to prevent such discrimination by State legislation, and to protect and require uniform regulations with reference to trade and commerce between the several States.

The property or merchandise brought into this State for sale, or for any other lawful purpose, is entitled to all the protection the property owned by the resident has, and can not be required to assume greater burdens, whether in the way of license or taxation.

The power to collect taxes on property, and to require a license on business, certainly belongs to the State, but this power must be so exercised as not to violate the fundamental law.

The effect of this ordinance is to drive all competition in trade from the city, and, at the same time, permits the resident merchant to compete with all those engaged in business outside of the city limits.

The doctrine announced, and now well settled, is, "that goods, merchandise or other property brought into this State for sale, can not be subjected to a higher tax, or required to pay more for the privilege of selling, than is imposed upon like goods or property sold or offered to be sold by residents of the State, the citizens

of each State being entitled to all privileges and immunities of citizens in the several States."

The demurrer to the petition should have been overruled, and the appellant required to pay no more than is exacted from the merchants doing business in the city. This, it is alleged in the petition, he is willing to pay.

Judgment reversed, and cause remanded with directions to overrule the demurrer, and for proceedings consistent with this opinion.

Walling v. Michigan, 116 United States, 446.