Simrall & Co. v. City of Covington.

CASE 72—PETITION EQUITY—SEPTEMBER 30.

# Simrall & Co. v. City of Covington.

APPEAL FROM KENTON CIRCUIT COURT.

1. POWER OF CITY TO TAX INSURANCE AGENCIES.—A provision in a city charter authorizing the council "to license and tax all agencies of insurance offices" gives the council the power to compel each agent to pay a separate tax for each company represented by him.

2. PARTIAL LEGISLATION—VALIDITY OF CITY ORDINANCE.—When the by-law of a municipal corporation, enacted under a general grant of power, or by virtue of its incidental authority, is partial, unreasonable or oppressive, it will be declared void.

3. SAME.—A city ordinance imposing upon agents of insurance companies not located in the city a tax which is not imposed upon companies located in the city, and requiring the agent to pay a separate tax as to each of such companies represented by him, discriminates unjustly against agents of companies not located in the city, and is void. Although the interest of the insurance companies may be involved, the ordinance relates directly to, and deals with, the individual agent, and, therefore, the rule which allows the Legislature to impose upon foreign corporations proposing to do business in this State terms and conditions not imposed upon home companies has no bearing upon the case.

4. SAME.—A provision in such an ordinance giving "any resident of said city" who has procured license to transact business for any insurance company the right to employ as many solicitors as he may desire is an unjust discrimination against persons not residents of the city, but one who is a resident of the city can not complain of the ordinance on that account.

TISDALE & GRAY FOR APPELLANTS.

Brief withdrawn.

W. A. BYRNE FOR APPELLEE.

1. The power to license a business is clearly constitutional. (Dillon on Mun. Corp., secs. 115, 357.)

2. A corporation created by the laws of one State can not do business in any other State without its permission, and the latter State has the power to impose discriminating license and tax upon the corporation for the privilege of doing business therein. (Doyle v. Continental

Simrall & Co. v. City of Covington.

Ins. Co., 94 U. S., 542; Phœnix Ins. Co. v. Commonwealth, 5 Bush, 69; Commonwealth v. Milton, 12 B. M., 212.)

3. Non-residents can not complain of burdens imposed upon them where the same burdens are imposed upon citizens of this State under like conditions. (Murk v. Commonwealth, 6 Bush.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This appeal questions the validity of an ordinance of the city of Covington, entitled "An ordinance to impose a license tax upon *certain* insurance agents and solicitors," and which provides:

"*Be it ordained by the City Council of Covington*, That no person, unless he shall have procured a license therefor, shall transact any business as agent, or solicit for any insurance company *not located within the city of Covington, Kentucky;* and such agent or solicitor shall procure a separate license for each insurance company for which he shall transact said business: Provided, That *any resident of said city*, who shall have procured a license to transact business for any such company, may employ as many solicitors as he may desire to solicit and procure business for him for said company: And provided further, that when said business shall be conducted by several persons in partnership, a license to such persons in the name of the firm shall authorize each member of the firm to transact the business of the partnership, but the name of each member of the firm shall be specified in the license."

Other sections provide as to the license fees, and for the prosecution and punishment by way of fine of violators of the ordinance. The only provision in the city charter authorizing any ordinance upon the

subject is: "The council shall have the power to license and tax *all* exchange, loan and brokers' offices, *agencies of insurance offices* \* \* \* in said city," etc.

The appellants, A. G. Simrall & Co., residents of the city of Covington, are insurance agents. As such they represent in said city the Fire Insurance Association of Philadelphia, Pa.; and judgment for a fine having been rendered against them as individuals for failing to take out license as the agents of the association, they are defending against it upon the ground that the ordinance is invalid. The lower court held otherwise, and they have appealed. It is contended, first, that the city charter does not authorize the levy of a license tax against an insurance agent for each company that he may represent, but only against his business or agency; and that when he pays the one license fee he may represent as many companies as see fit to employ him. In our opinion, however, a fair and reasonable construction of the language, "to license and tax all \* \* \* agencies of insurance offices," gives the power to compel each agent to pay the tax as to each company represented by him. It is quite comprehensive in terms; and unless this construction be the true one, an agent representing a dozen companies only pays as much as he who is the agent of but one; and this, too, although it is probable the former does twelve times as much business as the latter, or at least much more. It can not well be presumed that the Legislature intended such inequality, and a construction is not required which is likely to work out such a result.

It is next urged that the charter provision does not

authorize the passage of such an ordinance, and that it is invalid, because it is unequal, unjust and partial.

Counsel for the city refer to decisions of this court, holding that the Legislature may impose upon a foreign corporation proposing to do business in this State terms and conditions to the exercise of its powers. (Commonwealth v. Milton, 12 B. M., 212; Insurance Company v. Commonwealth, 5 Bush, 68.) Undoubtedly this is the declared rule in this State. The extent of this power need not be considered. Certainly it reaches so far that the Legislature may provide for the safety of our people in dealing with the corporation. The rule is founded upon the fact that the exercise of the corporate powers here rests alone upon comity. If the act of incorporation had of itself extra-territorial force, confusion and conflict between the two powers would constantly ensue.

We fail to see, however, that this rule has any bearing upon this case. The ordinance affects the individual. He is required to pay the tax and obtain the license. Its penalty for a failure is upon him. Indirectly the interest of the insurance companies may be involved, but the ordinance relates directly to and deals with the individual person, and in this light the question is to be considered. The person who represents a Covington insurance company requires no license, while the representative or solicitor of any other company must obtain a license as to each company he represents. If the representative be a resident of the city, he may employ as many as he may desire to solicit for his company. Thus the ordinance discriminates in two ways. As to the last, however, the appel-

lants are not in an attitude to complain, because they are residents of the city. They are taxed, however, for the privilege of earning a livelihood, while their neighbor, who earns his in the same way, goes untaxed, the only difference being that one works for a city company while the other represents one located either in or out of the State, but outside of the city.

A doubt as to the constitutionality of a legislative act must be resolved in its favor; but while the right to license may be delegated to municipal governments by the Legislature, yet this authority is to be strictly construed and closely pursued. (Sedgwick on Stat. and Con. Law, 466.)

Municipal corporations may exercise, first, those powers which are expressly granted; and second, those necessarily implied, or incident to those expressly granted, and which are indispensable to a proper execution of the objects of the corporation. Their authority is not to be so strictly construed as to defeat the legislative intention; but if there be a fair and reasonable doubt of the existence of the power, it should be resolved by a court against the municipality; and especially so, if the exercise of it will encroach upon the rights of the individual or the public. The scope of the delegated sovereignty is not to be enlarged by a liberal construction. These principles are elementary, and the citation of authority is unnecessary. They are necessary to the proper maintenance of legislative authority in this direction. Without them it would dwindle away, resulting in mischief, and behind them, therefore, lies the best of reasons. The Legislature has not, however, attempted

by the charter provision of the appellee to authorize it to pass an unequal and partial ordinance. If it had done so, the legislative power might well be questioned and denied. But the council of the city, under the general power "to license and tax * * * agencies of insurance offices," has enacted what is unmistakably such an ordinance.

Perhaps the most distinguishing feature of the common law is its regard for the protection and equality of individual right. It is a rule, therefore, that where the by-law of a municipality, enacted under a general grant of power or by virtue of its incidental authority, is unfair and partial in its operation, it will be declared void. It will not be upheld if it be unreasonable and oppressive. It must not contravene common right or the general law of the State, or make unwarranted or special discriminations.

Cooley on Constitutional Limitations, pages 200 and 202, says: "Municipal by-laws must also be reasonable. Whenever they appear not to be so, the court must, as a matter of law, declare them void. * * * So a by-law, to be reasonable, should be in harmony with the general principles of the common law."

Judge Dillon says: "As it would be unreasonable and unjust to make, under the same circumstances, an act done by one person penal, and if done by another not so, ordinances which have this effect can not be sustained. *Special and unwarranted discrimination*, or unjust or oppressive interference in particular cases, is not to be allowed. The powers vested in municipal corporations should, as far as practicable,

Vol. 90—29.

be exercised by ordinances general in their nature and impartial in their operation." (1 Dillon's Municipal Corporations, section 322.)

These views are enforced in the cases of Mayor of Mobile v. Yuille, 3 Ala., 137; Robinson v. Mayor of Franklin, 1 Hump., 156; Anderson v. City of Wellington, 40 Kansas, 173, and many other cases that might be cited. All recognize the rule, which is fundamental, that the by-laws of a municipality, whether they purport to regulate callings or otherwise, must, as indeed must every law, preserve equality of right. Those exercising the same privilege must be treated alike. The door must be closed to none by discrimination if we would avoid monopoly and wrong. This principle is as necessary to sound legislation as the circulation of the blood is to the human system, or the flow of tide-water to the ocean. It has produced a line of decisions which are universally regarded as sound by the courts of the country.

Thus, in *ex parte* Frank, 52 Cal., 606, an ordinance of a city, passed under a general charter power, exacting a license for selling goods, and fixing one rate for selling goods at the time within the city, and another and much larger for those without, was held invalid, as unjust, partial and oppressive.

In Mayor, &c., of Nashville v. Althrop, 5 Cold., 554, an ordinance discriminating between merchants and other dealers residing within and those without the limits of the city, and prescribing a special rate of taxation for the latter, was declared to be beyond the limit of constitutional legislation. In this State we have no constitutional provision as to taxation *eo*

*nomine*, but it is the settled constitutional rule, declared by oft-repeated decisions of this court, that every tax must be certain, universal, and, so far as practicable, equal and uniform.  Burdens can not constitutionally be imposed upon particular individuals, while others of the same class or locality who have rendered no public service are exempt.

In Daniel v. The Trustees of Richmond, 78 Ky., 542, a provision of a town charter authorized a tax of five per cent. upon all sales made by auctioneers within the limits of the town, except such as might be made by citizens of the town or county who were *bona fide* owners of the property sold.  The board of trustees adopted an ordinance fixing the license of auctioneers at five dollars for *residents of Madison county, and ten dollars for such as were not residents of that county*, and this court held that the charter provision was void, because it, in violation of the Federal Constitution, discriminated against the citizens of other States.  The parties whose rights were involved in this case were non-residents of the State, but the court, in the opinion, declared *arguendo* against the ordinance also, because it discriminated between residents and non-residents of the county.  The same doctrine has been more recently announced by this court in the case of Fecheimer Bros. & Co. v. City of Louisville, 84 Ky., 306.

The ordinance now in question not only discriminates between residents of the city of Covington and those residing outside of it, whether within or without the State, but it places a burden upon some within the city, while others of its residents engaged in a

like business are exempt. It is, therefore, unreasonable partial legislation. To be reasonable, a municipal by-law should be equal in its operation. (Tugman v. Chicago, 78 Ill., 405; Barling v. West, 29 Wis., 307.)

This one being clearly an infringement of individual right, partial and unreasonable in its character, can not be sustained. The judgment is, therefore, reversed, with directions to overrule the demurrer to the petition, and for further proceedings in conformity to this opinion.