## City of Owensboro v. McFall.

(Decided May 15, 1913).

### Appeal from Daviess Circuit Court.

Costs—Violation of City Ordinance—When Judgment of Cost Will Not Be Rendered Against City—Appeal.—In a prosecution for a violation of a city ordinance, no judgment of cost can be rendered against the city either in the police court or on appeal.

FLOYD J. LASWELL for appellant.

LOUIS I. IGLEHEART for appellee.

OPINION BY CHIEF JUSTICE HOBSON—Sustaining motion, to set aside judgment for costs.

Section 3366, Ky. Stats., provides:

"In prosecutions and proceedings in the police court and in appeals therefrom the city shall not be liable for costs unless the same be collected in money and paid into the city treasury."

This was a prosecution begun in the police court for a violation of a city ordinance and the defendant was acquitted. The city is not liable for cost either in the police court or on appeal. In 11 Cyc, 278, the rule is thus stated:

"A city, town or village is never liable for costs of proceedings under its ordinances, whether the defendant be acquitted or convicted, unless a statute so provides, and this is true whether the proceeding is considered civil or criminal. This rule is not affected by the fact that the ordinance under which the prosecution is had is invalid or by the fact that the defendant worked out his costs in the city prison or on the city streets, the labor being performed for the benefit of the city."

The motion to set aside the judgment for costs and quash the execution is sustained.