## Eales v. City of Barbourville.

(Decided October 16, 1917.)

### Appeal from Knox Circuit Court.

1. **Licenses—Interstate Commerce—Constitutionality of Ordinance.—** A person employed in distributing samples of merchandise and advertising matter, sent to him by a non-resident corporation for that purpose, is not engaged in interstate commerce so as to make an ordinance imposing a license tax on such business unconstitutional on the ground that it is an unjust burden on such commerce.

2. **Licenses—Constitutionality of Ordinance—Uniformity of Taxation—Unjust Discrimination.—** An ordinance imposing a license tax on persons engaged in posting, distributing or tacking bills, placards or other printed matter, or samples of merchandise, but providing that it shall not apply to resident merchants and others, is unconstitutional on the ground that it discriminates against non-residents.

BLACK & OWENS for appellant.

V. C. McDONALD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Edd R. Eales was fined for violation of the license ordinance of the city of Barbourville, and prosecutes this appeal for the purpose of testing the validity of the ordinance.

Section 1, of the ordinance in question, makes it unlawful for any person, firm or corporation, to engage in

posting, distributing or tacking bills, placards or other printed matter or samples of any merchandise without the payment of a license fee of one dollar ($1.00) for each day so engaged, and fixes the penalty at not less than two dollars ($2.00) nor more than ten dollars ($10.00), for each offense. Section 2 provides that the ordinance "shall not apply to resident merchants, county fair associations, owners, lessees, managers of moving picture theaters, or candidates for political office, in advertising their respective businesses, nor shall it apply to licensed bill posters for the posting of bills, &c., upon their own bill boards."

According to the agreed facts, appellant was a resident and citizen of the state of Illinois, and at the time of his arrest, was engaged in distributing to the residents of Barbourville, free sample packages of "Arm and Hammer Soda," and printed matter referring thereto, which had been sent to him by his employer, Church & Dwight, a corporation organized under the laws of the state of Maine, with its principal place of business in the city of New York, from which place said packages of soda and printed matter were shipped to appellant at Barbourville, to be distributed by him under his employment for the purpose of furthering said corporation's business of manufacturing, shipping, and selling soda in the city of Barbourville.

We find no merit in the contention that the license fee in question is an unjust burden on interstate commerce. Appellant was not engaged in selling merchandise by sample and transmitting orders therefor to be filled by his employer. The interstate movements of the merchandise and printed matter ended upon their delivery to the appellant, and the mere fact that such articles were sent to him for the purpose of distribution and that their distribution might ultimately result in interstate business, is altogether too remote to sustain the position that he was then engaged in interstate commerce.

But the contention that the ordinance is discriminatory presents a more serious question. The cases of City of Carlisle v. Hechinger, et al., 45 S. W. 358; Crosdale v. City of Cynthiana, 50 S. W. 977; West v. City of Mt. Sterling, 65 S. W. 120; and Flemingsburg v. Murz, 100 S. W. 333, do not sustain the validity of the ordinance. In the first mentioned case, it was held that a city of the fifth class had the power to impose and col-

lect a license tax on peddlers and itinerant retailers of merchandise, and that section 168 of the constitution providing that "no municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense," does not apply to an ordinance which is merely local in its operation. In the case of Crosdale v. City of Cynthiana, it was held that the council of a city of the fourth class had the power under section 3490, Kentucky Statutes, authorizing them "to license, tax and regulate auctioneers, merchants, retailers' stores, peddlers, . . . or any trade, occupation or profession," to enact an ordinance making it unlawful for any person "to offer for sale any merchandise or anything pertaining thereto, by opening up a stand upon the streets or pavements, or to carry around for sale, or to solicit orders for future delivery for any goods or merchandise whatever," without the payment of a license fee. In each of these cases the ordinance applied to all persons alike and no question of discrimination was presented. In the case of West v. City of Mt. Sterling, it was merely held that the city had the power to pass an ordinance imposing a license tax on "peddlers and itinerant retailers of goods," and that such ordinance was not in violation of the commerce clause of the Federal constitution. It was further held that such an ordinance was not void as discriminating against non-residents, because it applied alike to both residents and non-residents. In the case of Flemingsburg v. Murz, the court merely adhered to the rule theretofore announced that section 168 of the constitution, providing that "no municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense," has no application to an ordinance providing a penalty for peddling without a license.

Nor does the case come within the rule announced in Louisville v. Sagalowski, 136 Ky. 324, 124 S. W. 339, 136 A. S. R. 258, where it was held that in imposing license taxes on persons engaged in merchandising, a municipality may place in one class those who pay taxes on regular assessments, and in another class those who, although in the same business, so conduct their affairs as to be out of business when the assessments are made.

While our constitution permits the classification of occupations and trades for the purpose of license taxation, it is well settled that there must be some reasonable basis for the classification, and classification based on

mere difference in citizenship cannot be sustained. Simrall v. Covington, 90 Ky. 444, 14 S. W. 369, 29 A. S. R. 398, 9 L. R. A. 556, 17 R. C. L., section 31, page 510. Hence a statute or ordinance which in imposing license taxes discriminates in favor of residents of the city, or state, as against non-residents of the same class, is unconstitutional. Thus in the case of McGraw v. Town of Marion, 98 Ky. 673, an ordinance requiring all transient persons other than a citizen of the town, who shall sell any goods, wares or merchandise of any kind at auction or retail in the town, to pay certain license fees, was held void on the ground that it discriminated against non-residents. Applying this rule to the facts in this case, we find that, although section 1, of the ordinance in question, makes it unlawful for any person, firm or corporation to engage in posting, etc., yet section 2 of the ordinance specifically exempts resident merchants and others from its operation. The necessary effect of the ordinance, therefore, is to permit resident merchants to advertise their wares in the manner pointed out by the ordinance, while persons engaged in the same business, but living outside the city, are required to pay a license fee for no other reason than that they are non-residents of the city. In our opinion, the attempted classification is arbitrary, and the ordinance is void because it discriminates against non-residents.

Judgment reversed and cause remanded for proceedings consistent with this oponion.