## Davis v. Pelfrey.

Jan. 31, 1941.

O. J. Cockrell for appellant.

Moss Noble for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

An ordinance of the city of Jackson imposes an annual license tax of $5 on each automobile used by nonresidents of the city regularly engaged in any kind or character of business, work, profession, occupation or calling within the corporate limits of the city in attending and performing such business, work, profession, occupation or calling.

The appellee, Nathan Pelfrey, Jr., is a nonresident of the city of Jackson but has regular employment in a bank in that city. He uses his automobile six days each week traveling back and forth from his residence outside the city to his place of employment within the city. This action was filed by him against the appellant seeking to enjoin the enforcement of the ordinance as to

him. The chancellor adjudged the ordinance invalid and granted the relief prayed for. This appeal follows.

We have no doubt that the ordinance in question is violative of the 14th Amendment to the Federal Constitution which declares that no state shall deny to any person within its jurisdiction the equal protections of the law and of Section 171 of the Constitution of Kentucky requiring uniformity in taxation. The uniformity provision of Section 171 is applicable to license taxes as well as to property taxes. See City of Louisville v. Aetna Fire Insurance Co., 284 Ky. 154, 143 S. W. (2d) 1074 and cases therein cited. It is true that the foregoing provision does not forbid a classification based on reasonable and natural distinction and that an act making a classification will only be voided where the classification is manifestly arbitrary and unreasonable so as to exclude one or more of a class without reasonable basis and fact. It is apparent, however, that the ordinance in question establishes a classification not based on reasonable and natural distinctions and is arbitrary and unreasonable in that the tax is not imposed on residents of the city.

In Johnson v. City of Paducah et al., 285 Ky. 294, 147 S. W. (2d) 721, this day decided, we upheld as a valid exercise of the police power an ordinance of the city of Paducah imposing a similar tax on residents and the class of nonresidents covered by the ordinance in question and said, ''There is a reasonable basis for setting apart as a class, to be included with residents of the city for the purpose of this tax, the particular class of nonresidents affected by the ordinance.'' Had the ordinance in question imposed the tax on residents and nonresidents alike, or had it been shown that a separate and independent ordinance imposed a similar tax on residents of the city, the tax would be upheld under the authority of the cited case but, on the record before us, we are dealing only with a tax imposed on nonresidents. There was no allegation or proof as to a separate ordinance imposing the same tax on residents and, though there may be such an ordinance, we do not take judicial notice of ordinances of fourth class cities to which the city of Jackson belongs since the charter does not so provide. City of Owensboro v. McFall, 152 Ky. 628, 153 S. W. 969.

Judgment affirmed.