## Long et al. v. City of Benton et al.

Feb. 25, 1941.

R. A. Roberts for appellants.

Prince & Cox, A. E. Cross and H. H. Lovett for appellees.

Opinion of the Court by Judge Cammack—Reversing.

Benton, a city of the fifth class, recently amended its licensing ordinance by providing:

"Dry Cleaners, Dyers, Renovators and Pressers operating plants and places of business wherein said work is done within said City of Benton, Kentucky, and subject to inspection therein, per year, . . . $20.00

"Dry Cleaners, Dyers, Renovators and Pressers not operating their plant or places of business and causing their work to be done in the City of Benton, Kentucky, and subject to inspection therein, and who solicit work or business of cleaning and dyeing by agents, servants, employees and causing said dyeing, dry cleaning, renovating and pressing to be done at points outside of the City of Benton, Kentucky, per year, . . . $100.00."

The amended ordinance also provided like taxes on

resident and nonresident laundries. The validity of the amended ordinance was attacked by a Mayfield concern. The lower court upheld it; hence this appeal.

The appellees insist that the case of Williams v. City of Bowling Green, 254 Ky. 11, 70 S. W. (2d) 967, 969, is controlling, while the appellants contend that case is not in point. The Bowling Green ordinance provided:

"To operate a cleaning and. dyeing plant, or either, of clothes and other materials, $25.00.

"To engage in or solicit the business of cleaning and dyeing, or either, of clothes or other materials without the operation of a plant in the city, $200.00."

That ordinance was upheld. During the course of the opinion it was said:

"Appellant presses the point that after all he and the operators of local plants are engaged in precisely the same kind of business, that of cleaning and dyeing. But is that true? Those who operate plants in the city actually do the work of cleaning and dyeing. Appellant owns no plant and the work of cleaning and dyeing is not done by him, but by another. His work consists solely of soliciting, assembling the clothing and other materials at his office, transporting them to the plant at Nashville, where the work is done, and then delivering them to his customers. The difference between the two classes of work is not one of mere degree. In the essentials of the occupation there is a difference in method, if not in kind. Surely if the difference between a business using coupons and one not using them, or the difference between selling sewing machines at established places of business, and selling them by means of wagons, or the difference between a hand laundry and a steam laundry, is sufficient to sustain a different occupation tax, no sound reason is perceived why the difference between the actual business of cleaning and dyeing in a local plant and the business of soliciting trade and having the real work done by another outside the city is not likewise sufficient. We are therefore constrained to hold that the classification made by the ordinance is not arbitrary and unreasonable."

It is apparent from the foregoing quotation that a distinction was drawn between doing business by the operation of a plant in the City of Bowling Green and the soliciting of business in the city. We find no such distinction in the case now before us. The Benton ordinance, as we construe it, attempts to draw a distinction between persons operating plants within the city and those operating them without the city. Is this a valid classification? We think not. We have frequently upheld the power of municipalities to classify different trades and occupations for taxation purposes and to subdivide them into particular classes where the subdivisions are made according to natural and well-recognized classes of distinction. In the case of Eales v. City of Barbourville, 177 Ky. 216, 197 S. W. 634, 635, it was said:

"While our Constitution permits the classification of occupations and trades for the purpose of license taxation, it is well settled that there must be some reasonable basis for the classification, and classification based on mere difference in citizenship cannot be sustained. Simrall v. Covington, 90 Ky. 444, 14 S. W. 369, 12 Ky. Law Rep. 404, 9 L. R. A. 556, 29 Am. St. Rep. 398; 17 R. C. L., Section 31, p. 510. Hence a statute or ordinance which, in imposing license taxes, discriminates in favor of residents of the city or state, as against nonresidents of the same class, is unconstitutional."

See also Daniel v. Trustees of Richmond, 78 Ky. 542; Fecheimer v. City of Louisville, 84 Ky. 306, 2 S. W. 65, 8 Kv. Law Rep. 310; McGraw v. Town of Marion, 98 Ky. 673, 34 S. W. 18, 17 Ky. Law Rep. 1254, 47 L. R. A. 593; Hager v. Walker, 128 Ky. 1, 107 S. W. 254, 32 Ky. Law Rep. 748, 15 L. R. A., N. S., 195, 129 Am. St. Rep. 238; Davis v. Pelfrey, 285 Ky. 298, 147 S. W. (2d) 723; Chalker v. Birmingham & Northwestern Railway Company, 249 U. S. 522, 39 S. Ct. 366, 63 L. Ed. 748; 16 C. J. S., Constitutional Law, Section 479. It follows that there is no sound basis for the classification of the ordinance in question; it is therefore void.

Judgment reversed with directions to set it aside and to enter a judgment in conformity with this opinion.

Whole Court sitting, except Judge Perry.