# Vertner Smith Co. v. Town Of Elsmere et al.

November 5, 1948.

Dodd & Dodd, and James B. Milliken for appellant.

Ervin L. Bramlage, City Attorney, for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Appellant is here attacking the validity of an ordinance of the town of Elsmere, a city of the 6th class,

situated in Kenton County. The ordinance has been in full force and effect since December 6, 1938, and has never been attacked until this present litigation.

Sections 2, 3, and 4, being the parts of the ordinance pertinent to this action, read as follows:

## "Section II.

"Every person, firm or corporation who drives a commercial motor driven truck weighing not over One-half ($\frac{1}{2}$) ton upon and over the streets of the Town of Elsmere shall pay an annual tax of Five ($5.00) Dollars for such privilege; and any person, firm or corporation operating a motor driven truck over the streets of Elsmere which truck weighs more than One-half ($\frac{1}{2}$) ton shall pay an annual tax of Ten ($10.00) Dollars.

## "Section III.

"Any person, firm or corporation who operates a motor driven truck in connection with his business within the Town of Elsmere, and who pays an occupational tax to the Town of Elsmere for such business shall not be required to pay the tax imposed herein.

## "Section IV.

"The revenue derived from the provisions of this Ordinance shall be paid into the street repair fund, and shall be used only for the purpose of repairing the streets of the Town of Elsmere."

Judgment was rendered upholding the validity of the ordinance. Appellant prosecutes this appeal urging reversal and challenging the validity of the ordinance upon three principle grounds: (1) Lack of authority of the Board of Trustees of the town of Elsmere to tax appellant for the use of the city streets. (2) The failure of the Elsmere ordinance to discriminate between transients and those doing business in the city. (3) Because it discriminates between residents and non-residents.

Appellant is a wholesale liquor dealer with its chief office and place of business in Louisville. All the business is transacted in Louisville. The products are then delivered by trucks to the retailer in Elsmere.

Appellant takes the position that the town of Elsmere is attempting to exercise authority over the trans-

portation and distribution of alcoholic beverages contrary to the provision of the Alcoholic Beverage Control Act. KRS 241.010 et seq. It is insisted that the Act is comprehensive and all inclusive and grants specifically the right to transport. We agree with appellant that the Alcoholic Beverage Control Act is comprehensive and has as its purpose such control of the traffic as would minimize the commonly attending evils, and were this an attempt to tax the business or an effort to control the transportation of the particular commodity, appellant would have to prevail in his argument, but the mere fact that the appellant is operating under the control act, and has its permit so to do, in no way could limit a municipality in, or deprive a municipality of, the right of regulating the use of its streets.

Considerable argument is made concerning the provisions of the Act wherein the wholesaler is given the right to transport from the licensed premises, for himself only, any alcoholic beverages which his license authorized him to sell.

The statutory right to transport is relied on by appellant. KRS 243.200 (1) provides: "A distilled spirits and wine transporter's license shall authorize the licensee to transport distilled spirits and wine to or from the licensed premises of any licensee under KRS 243.020 to 243.670 if both the consignor and consignee in each case are authorized by the law of the states of their residence to sell, purchase, ship or receive the alcoholic beverages."

And then further in subsection (4): "Distilled spirits and wine may be transported by the holder of any license authorized by KRS 243.020 * * *."

It will be noted that the above merely gives the right to transport. That right does not mean that a truck can be operated on the highway without a proper truck license, nor does it mean that a municipality cannot properly subject it to a street usage tax merely because the owner has a permit to transport liquor.

Appellant leans heavily upon the case of Commonwealth, for Use and Benefit of City of Hazard v. Day, 287 Ky. 176, 152 S. W. 2d 597. The City of Hazard enacted an ordinance, the pertinent part of which pro-

vides: "Provided: that where such wholesaler, jobber or distributor maintains a store, plant, warehouse or distribution point outside of the City of Hazard and delivers liquors to customers within the corporate limits of said city by means of his own trucks, having first obtained the license as such wholesaler, jobber or distributor required by the laws of the State of Kentucky, may be granted a license by the Clerk of the City of Hazard upon paying into the Treasury of said city the sum of $50.00 for each truck so used."

We held that the ordinance of the City of Hazard was illegal and void. It is obvious why we so held, as this was an attempt to exact from the distributor, who maintained his store, plant or warehouse outside the city limits, a license before he could make deliveries within the corporate limits of the city.

Appellant contends that the Day case is parallel to the case at bar. It is insisted that there is no difference between imposing a license upon the distributor using the streets of Hazard and the ordinance in the case at bar in placing a tax upon the use of the streets by the trucks of appellant. It will suffice merely to call attention to the ordinance. Under Section 2 it will be noted that the tax is upon every person, firm or corporation. Here there is no exception. It makes no difference what sort of cargo is being carried or by what sort of permit or right the truck is being operated on the highways within the state. The tax is a street usage tax upon that vehicle operating within the town of Elsmere. Appellee insists, and rightly so, that it is only a street usage tax and is nothing more than a tax levied against the owners of all commercial trucks driven upon and over the streets of the town of Elsmere regardless of the type of business engaged in or the residence of the owner.

However, at this point, we are confronted immediately with difficulty in that there was no distinction made between those doing business in the city and mere transients. We again direct attention to Section 2 of the ordinance which says: "Every person, firm, or corporation who drives a commercial motor driven truck * * * upon and over the streets of the town of Elsmere shall pay an annual tax * * *"

Appellee states in brief: "There has been no at-

tempt on the part of the City of Elsmere to tax those persons who drive their trucks through the city. Were this case to come before the Court on the prosecution of a person who simply drives his truck through the city and does not carry on a business which requires the regular driving of trucks over the city streets, then we would be inclined to agree that the prosecution would fail. The tax in question is collected fairly and equally from all persons, firms and corporations who use the city streets of Elsmere in carrying on any type of business and so long as that is done there can be no question of discrimination or failure of discrimination.''

An ordinance that is bad cannot be made good by a mere refusal to carry out the strict letter of the bad part and refuse by practice to enforce the ordinance in its entirety by selecting some against whom it is desired to enforce the ordinance. We have held that a city cannot impose a license fee or tax on non-residents who merely pass through the city. Young & Jones v. Town of Campbellsville, 199 Ky. 284, 250 S. W. 979, and Commonwealth, for Use and Benefit City of Hazard v. Kelley, 229 Ky. 722, 17 S. W. 2d 1017. Most of the cases cited and relied upon by appellee have to do with taxes or licenses on businesses where the business is conducted within the city. Such are not applicable in this case. Consequently, it becomes obvious the ordinance is bad in the above respect.

We now direct our attention to Section 3 which provides that any person, firm, or corporation who operates a truck in connection with his business within the town of Elsmere, and who pays an occupational tax to the town of Elsmere, shall not be required to pay the tax imposed herein. Appellant insists that the ordinance is void because of that discrimination. Appellee takes the position that there is no discrimination because it exempts all residents and non-residents who operate trucks in connection with their business within the city, and who pay an occupational tax to the city.

It will be observed that the revenue derived from the provisions of Section 4 of the ordinance above shall be paid into the street repair fund and shall be used only for the purpose of repairing the streets of the town of Elsmere. Although it is not shown herein where the

occupational tax goes, it obviously does not go into the street repair fund. An occupational tax and a street usage tax are two entirely different types of taxes. The fact that credit is given on one in the amount of the payment on the other, can in no way operate to destroy this difference. We have here an obvious distinction made between persons living within and operating within the town of Elsmere and those operating from without. In other words, it is a classification based merely on difference in citizenship. We have held this not to be a reasonable basis for classification and therefore invalid. The town of Elsmere, in fact, is merely asserting against non-residents of Elsmere a tax for the use of the streets and against the residents of Elsmere an occupational tax. This is an unsustainable classification. See Johnson v. City of Paducah et al., 285 Ky. 294, 147 S. W. 2d 721; and Long et al. v. City of Benton et al., 285 Ky. 526, 148 S. W. 2d 701.

For the reasons indicated, we conclude, therefore, that the ordinance is illegal and void. The judgment is reversed with directions to enter a judgment consistent herewith.