## DONALDSON BAKING CO. v. CITY OF ELIZABETHTOWN.

Court of Appeals of Kentucky.

May 2, 1952.

Leo T. Wolford, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, Faurest & Montgomery, Elizabethtown, for appellant.

Floyd K. Hollan, Elizabethtown, for appellee.

STEWART, Justice.

On February 6, 1950, the city council of Elizabethtown adopted as a part of its general regulatory licensing ordinance a requirement, in substance, fixing a fee of $26 per year for each truck operating from out of the city over its streets in loading and unloading freight or merchandise in the city. Donaldson Baking Company, a corporation operating a bakery in Louisville and delivering therefrom its products by trucks and wagons to various cities in Kentucky and Indiana, paid the foregoing license fee on April 14, 1950, and was informed by the city authorities that it had settled the only charge applicable to its business for the balance of the year 1950.

On April 22, 1950, before the Bakery Company could make deliveries of any of its goods in Elizabethtown, the city council amended the regulatory ordinance by adding thereto these two provisions:

"s—To operate a bakery—per year $30.00
"t—To engage in or solicit the
    business of selling bakery prod-
    ucts at retail from a truck or
    other vehicle without the oper-
    ation of a bakery in the City
    —per year—per vehicle...... 300.00"

The validity of the ordinance as amended was challenged by the Bakery Company upon several grounds. The lower court upheld the two classifications, and the Bakery Company moves for an appeal. Since our decision turns upon the single point that the amendment to the ordinance is void because it discriminates in favor of a bakery operator located in the City of Elizabethtown as against a bakery operator located outside the same city, we reserve consideration of all other issues raised in appellant's brief.

Even a cursory glance at the two provisions brings home to one the fact that a bakery company operating in the City of Elizabethtown by paying a license fee of only $30 under the first classification may "engage in or solicit the business of selling bakery products at retail from a truck or other vehicle", whereas a bakery company located outside the city and pursuing the activities in the city just described is charged a tax of $300 under the second part of the amendment.

The identical question posed in the case at bar was decided in Long v. City of Benton, 285 Ky. 526, 148 S.W.2d 701, 702, wherein this Court said: "The Benton ordinance, as we construe it, attempts to draw a distinction between persons operat-

ing plants within the city and those operating them without the city. Is this a valid classification? We think not. We have frequently upheld the power of municipalities to classify different trades and occupations for taxation purposes and to subdivide them into particular classes where the subdivisions are made according to natural and well-recognized classes of distinction." This same opinion concluded by saying: "It follows that there is no sound basis for the classification of the ordinance in question; it is therefore void."

Appellees argue at much length that the case of Williams v. City of Bowling Green, 254 Ky. 11, 70 S.W.2d 967, is controlling here. It was pointed out in that opinion in upholding the ordinance that the distinction between the two classes of work upon which different license fees were imposed was essentially one of kind. As to each operation involved therein, this Court also said there was a difference as to the *methods* employed in each instance. In the case at bar the classification is one of degree affecting the same business operated by the same method, with the result that the attempted subdivision is arbitrary and unreasonable.

Wherefore, the motion for appeal is sustained and the judgment is reversed with directions to set it aside and to enter another in conformity with this opinion.