**GROSS DISTRIBUTING COMPANY, Appellant,**

**v.**

**CITY OF SHELBYVILLE, Kentucky, Appellee.**

**VERTNER SMITH COMPANY et al., Appellant,**

**v.**

**CITY OF SHELBYVILLE, Kentucky, Appellee.**

**JEFFERSON DISTRIBUTING COMPANY et al., Appellant,**

**v.**

**CITY OF SHELBYVILLE, Kentucky, Appellee.**

**MALONEY–DAVIDSON COMPANY et al., Appellant,**

**v.**

**CITY OF SHELBYVILLE, Kentucky, Appellee.**

**CRANE DISTRIBUTING COMPANY et al., Appellant,**

**v.**

**CITY OF SHELBYVILLE, Kentucky, Appellee.**

**KENTUCKY LIQUOR & WINE COMPANY et al., Appellant,**

**v.**

**CITY OF SHELBYVILLE, Kentucky, Appellee.**

**BROWN–KAISER COMPANY et al., Appellant,**

**v.**

**CITY OF SHELBYVILLE, Kentucky, Appellee.**

**The RADFORD COMPANY, Appellant,**

**v.**

**CITY OF SHELBYVILLE, Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 23, 1969.
Motion to Amend Mandate Oct. 31, 1969.
447 S.W.2d 46.

Ben B. Fowler, A. James Higgs, Jr., Dailey & Fowler, Frankfort, for Gross Distributing Co., Vertner Smith Co., Jef-

ferson Distributing Co., Maloney-Davidson Co., Crane Distributing Co., and Kentucky Liquor & Wine Company.

John E. Tarrant, Richard W. Iler, Bullitt, Dawson & Tarrant, Louisville, for the Radford Co.

Guy C. Shearer, Louisville, for Brown-Kaiser Co.

H. B. Kinsolving, III, City Atty., Shelbyville, for appellee.

EDWARD P. HILL, Judge.

These eight cases have been consolidated for the purpose of this appeal. They originated in the Shelbyville, Kentucky, Police Court, where each appellant was fined $500 for violating a city ordinance requiring an "unloading" or a "street usage" license. Appeals were taken to the Shelby Circuit Court, wherein the validity of the ordinance was upheld and their fines were fixed the same as in Shelbyville Police Court.

In their appeals to this court, appellants contend that the city had no statutory or constitutional power to impose such license and that the ordinance is discriminatory and therefore unconstitutional.

We agree that the ordinance is discriminatory and invalid making it unnecessary that we determine the question whether the city had power to impose the license in question.

Appellants are distributors of alcoholic beverages; each holding a "Distilled Spirits and Wine Wholesaler's License" issued by the Commonwealth of Kentucky. They are nonresidents of the city of Shelbyville, a fourth-class city. Their principal offices and licensed premises are located either in Louisville, in Lexington, or in Bardstown. They take orders from retail liquor dealers for distilled spirits at their principal offices, and then deliver the orders to the retailers. All retailers are located on U.S. 60, a state-maintained street running east and west through the city.

We quote section 120, subsections 80 and 81 of the ordinance in question:

"(b) For each truck of the capacity of one ton or under, used for transporting passengers or freight for hire or compensation, $15.00 per year; and for each truck of more than one ton and less than 2½ tons capacity used for transporting passengers or freight for hire or for compensation, $20.00 per year; and for each truck 2½ tons capacity and over, used for transporting passengers or freight for hire or compensation, $25.00 per year; and for each truck of one ton capacity or less used by licensed merchants in said City in the conduct of their business and not for hire, $7.50 per year; and for each truck of more than one ton capacity used by licensed merchants in said City in the conduct of their business and not for hire, $10.00 per year."

"It shall be unlawful for any person, firm or corporation residing outside of the City of Shelbyville, Kentucky, to regularly operate any motor truck within said City without first obtaining a license therefor, and paying to said City an annual license fee for each motor truck of the capacity of one (1) ton or under, $18.25; for each motor truck of the capacity of more than one (1) ton, $25.00; and for each motor truck of the capacity of more than two and one-half (2½) tons, $31.25."

The trial court took judicial knowledge that "under ordinances" of the city "no merchant can do business without paying at least $15.00 and would then be required to pay $7.50 more for the operation of a one ton truck or less"; and that "this would be $22.50 for a city licensed merchant to pay at least and the nonresident who regularly uses the streets pays $18.25." Therefore, the trial court reasoned the ordinance in question is not discriminatory.

Appellants charge that they are "unaware" of any ordinance imposing a $15 license fee on resident merchants, and thus

**116**

"appellee has never, in its brief before this court, or elsewhere, brought to light any such ordinance."

We need not resolve this conflict between the parties as it would make no difference whether there was or was not an ordinance requiring local merchants to pay a license of $15. This court held that the imposition of an occupational tax on local merchants could not be considered on the question of discrimination based on citizenship in Vertner Smith Co. v. Town of Elsmere, 308 Ky. 442, 214 S.W.2d 765 (1948), at page 768:

> "We have here an obvious distinction made between persons living within and operating within the town of Elsmere and those operating from without. In other words, it is a classification based merely on difference in citizenship. We have held this not to be a reasonable basis for classification and therefore invalid. The Town of Elsmere, in fact, is merely asserting against non-residents of Elsmere a tax for the use of the streets and against the residents of Elsmere an occupational tax. This is an unsustainable classification."

We hold that the ordinance is discriminatory and inimical to the constitutional equality guaranteed by the Fourteenth Amendment to the Constitution of the United States and Section 171 of the Constitution of Kentucky requiring uniformity of taxation. Support for this conclusion may also be found in Commonwealth, for Use and Benefit of City of Hazard v. Day, 287 Ky. 176, 152 S.W.2d 597 (1941); Davis v. Pelfrey, 285 Ky. 298, 147 S.W.2d 723 (1941); and Long v. City of Benton, 285 Ky. 526, 148 S.W.2d 701 (1948).

As noted above we decline to pass on appellants' contention that KRS 281.830(2), 243.030, 243.070, and 243.160 prohibit the city from imposing the license in question.

The judgment in each case is reversed with directions to set it aside and dismiss the charges.

All concur.