GROSS DISTRIBUTING COMPANY,
Appellant,

v.

CITY OF SHELBYVILLE, Kentucky,
Appellee.

VERTNER SMITH COMPANY et al.,
Appellant,

v.

CITY OF SHELBYVILLE, Kentucky,
Appellee.

JEFFERSON DISTRIBUTING COMPANY
et al., Appellant,

v.

CITY OF SHELBYVILLE, Kentucky,
Appellee.

MALONEY–DAVIDSON COMPANY et al.,
Appellant,

v.

CITY OF SHELBYVILLE, Kentucky,
Appellee.

CRANE DISTRIBUTING COMPANY et al.,
Appellant,

v.

CITY OF SHELBYVILLE, Kentucky,
Appellee.

KENTUCKY LIQUOR & WINE COM-
PANY et al., Appellant,

v.

CITY OF SHELBYVILLE, Kentucky,
Appellee.

BROWN–KAISER COMPANY et al.,
Appellant,

v.

CITY OF SHELBYVILLE, Kentucky,
Appellee.

The RADFORD COMPANY, Appellant,

v.

CITY OF SHELBYVILLE, Kentucky,
Appellee.

Court of Appeals of Kentucky.

Oct. 31, 1969.

Ben B. Fowler, A. James Higgs, Dailey & Fowler, Frankfort, for appellants Gross Distributing Co., Vertner Smith Co., Jefferson Distributing Co., Maloney-Davidson Co., Crane Distributing Co., and Kentucky Liquor and Wine Co.

John E. Tarrant, Richard W. Iler, Bullitt, Dawson & Tarrant, Louisville, for appellant The Radford Co.

Guy C. Shearer, Louisville, for appellant Brown-Kaiser Co.

H. B. Kinsolving, III, City Atty., Shelbyville, for appellee.

CULLEN, Commissioner.

In these appeals, from judgments fining the appellants for violating an ordi-

nance of the City of Shelbyville, this court held the ordinance unconstitutional and handed down an opinion reversing the judgments. See Gross Distributing Company v. City of Shelbyville, Ky., 445 S.W.2d 114 (decided May 23, 1969). The mandate directed that the appellants recover their costs from the appellee City of Shelbyville. The city has moved for recall of the mandate and its amendment by deletion of the direction for recovery of costs, on the ground that the city is not liable for costs in a proceeding for violation of a city ordinance.

What appears to be the universal rule, as stated in 62 C.J.S. Municipal Corporations § 381, pp. 726, 727, is that in the absence of statutory authorization a city is not liable for costs in proceedings for violation of a city ordinance, regardless of whether the proceedings be regarded as civil or criminal, whether the judgment is one of conviction or acquittal, and whether the ordinance is held valid or invalid. Our court followed this rule in City of Owensboro v. McFall, 153 Ky. 754, 156 S.W. 388.

The only statutory authorization in Kentucky for assessment of costs against a city in a proceeding for violation of a city ordinance is found in KRS 26.430(3), which relates solely to third-class cities (Shelbyville is of the fourth class). This statute says that the city is not liable for costs "unless they are collected in money and paid into the city treasury." It is difficult for us to conceive what kind of situation the quoted clause was intended to cover, but obviously the situation would be a remote one.

We do not believe that the particular prohibition against liability of third-class cities for costs can be converted into an implied statutory authorization for imposition of liability for costs upon other classes of cities. The prevailing rule seems to be that express statutory authorization is required, and we believe that rule is valid.

We do not express or imply any opinion as to liability of cities for costs in civil cases.

The mandate herein is recalled with directions that it be reissued containing no provision for recovery of costs.

All concur.