## Harvey v. Board of Education, et al.

(Decided June 28, 1922.)

### Appeal from Mercer Circuit Court.

Appeal and Error—Transcripts—Docketing and Advancing Appeal. —If an appeal is granted by the inferior court, the appellee may file the transcript, in the clerk's office of the Court of Appeals, and the Court of Appeals, may after reasonable notice has been given the appellant, in its discretion, order the appeal docketed, and advanced, and a day set for hearing.

E. H. GAITHER and C. C. BAGBY for appellant.

C. E. RANKIN and J. F. VANARSDALE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Sustaining motion to docket and advance and to discharge supersedeas, but overruling motion to submit.

On the 9th day of December, 1920, the board of education of Harrodsburg, a city of the fourth class, under the authority of chapter 25, Session Acts, 1920, and sections 835 and 840, inclusive, Kentucky Statutes, instituted proceedings to condemn certain real property of W. Con. Bell, for public school purposes as therein authorized. The proceedings were carried by appeal from the county court, to the circuit court, and there a final judgment was rendered in February, 1921. The judgment effected the desired condemnation of the property, upon the payment to the owner of $20,400.00 damages. The appellant Harvey was a party to that proceeding, being a tenant of the owner of the property, and holding under a lease for the year, 1921, and which expired by its terms at the end of the year. The verdict and judgment fixed the damages to his leasehold, at the sum of $400.00. Upon the rendition of the judgment, the owner of the real property, prayed an appeal to this court, which was not filed until August 22, 1921. The appeal was decided, by this court, adversely, to the owner of the property, on the 4th day of November, 1921, and the judgment of the circuit court, affirmed. The mandate was filed in the office of the clerk of the circuit court on December 14, 1921. On the 7th day of February, 1922, the owner of the condemned property moved the circuit court for a rule against the board of education to require it to immediately elect whether or not it would take the property, at the amount of damages and costs, and if it elected to do so, to forthwith pay the same. The board of education declined to then elect, as it was a public corporation dependent upon a sale of an issue of bonds to pay the sum of damages and costs, and was then endeavoring to make a sale of the bonds. The court seems never to have ruled upon the motion, but, on the 25th day of March, 1922, the board of education having effected a sale of its bonds, paid to the owner of the property, the damages as fixed by the judgment which he accepted, and thereby the board acquired the right to the title and use of the property, as between it and the owner, and on May 20, 1922, the property was conveyed to it by the master commissioner of the court. The board of education declined to pay to appellant, Harvey, the amount which the jury had assessed and the judgment of the court had fixed, as the damages to the value of his leasehold, upon the ground, that he had been permitted to occupy the property without interference to the expiration of the lease. Harvey did not undertake to

renew the lease, but, continued to occupy the property, and declined to vacate it after the board of education had acquired it, upon the ground, that he was a tenant from year to year, and that his landlord had permitted him to remain until ninety days had expired after the termination of the lease for the year, 1921, and that for such reason, the statute had created for him the same contract for the use and occupation of the property, for the year, 1922, as he had for the year, 1921. The board of education, gave Harvey notice, that it would move the court for a writ of possession. He filed a response, setting up the above reasons, and that he had not been paid the award for damages to his leasehold for the year, 1921, which was awarded as if the property had then been acquired by the board of education. The court sustained a demurrer to his response, and awarded the board of education a writ of possession for the property, to be issued on or after June 1, 1922. Appellant Harvey prayed an appeal from the judgment to this court, and superseded the judgment. On June 10, 1922, the board of education filed a transcript of the record, in the office of the clerk of this court, and with it entered three motions, one of which was to docket the action for the present term of this court. Another was to affirm the judgment as a delay case, and the other to discharge the supersedeas. They will be considered in their order.

(a) It has been held often, that an appeal cannot be docketed without the consent of all parties, unless the transcript is filed twenty days before the beginning of a term. Meacham v. Dem. Ex. Com., 24 Ky. L. R. 1340; Hamilton v. Ky. Title Co., 25 K. L. R. 1575; Ingram v. Ky. Title Co., 127 Ky. 638; Stratton & Terstegge Co. v. Meriwether, 147 Ky. 577, and many others. Since the rendition of these opinions, the Civil Code has been amended by subsection 4 of section 573, which is as follows:

"In any case where the appeal is granted by the inferior court or where the appellee has been summoned if the appeal is granted by the clerk of the Court of Appeals, the Court of Appeals may in its discretion, after the transcript is filed, on motion of either party, upon reasonable notice to the adverse party, order the appeal docketed, advanced and set for hearing upon a day to be fixed by the court."

The appeal, in the instant case, was granted by the circuit court, and, although the appellant would have

until twenty days before the second term of this court, after the judgment in which to file his appeal, before the court would be authorized, upon motion of appellee to dismiss the appeal granted by the circuit court for failure of prosecution, section 471, Civil Code, provides that the appellee may file an authenticated copy of the record in the clerk's office of the Court of Appeals, with the same effect, as if filed by the appellant, and hence, it seems, that this court would be authorized in its discretion to order the appeal docketed, advanced and set for hearing upon a day to be fixed, but, this should not be done arbitrarily and without giving the appellees a reasonable opportunity for a fair hearing, and he is objecting to a submission at this time because of want of opportunity to fairly prepare and present his cause. The appeal is therefore ordered to be docketed, and advanced for hearing and set for the first call of the docket, at the fall term, but the motion to submit is now overruled.

(b) To affirm as a delay case is to try a case upon its merits and for the reasons above given, the motion must be overruled, as the appellant was not a party to the appeal of the case of Bell's Committee v. Board of Education of Harrodsburg, etc., 192 Ky. 700.

(c) The motion to set aside the supersedeas bond and to discharge the supersedeas must be sustained. We arrive at this conclusion, from a consideration of the relations of the parties and from the provisions of sections 835 to 840, Kentucky Statutes, inclusive, and chapter 25, Session Acts, 1920, the latter of which bestows upon the boards of education in fourth class cities, the same powers and the same rights, in proceedings to condemn property for their uses as the former invest a railroad corporation. To further advert to the grounds of the decision would involve a discussion and decision of the merits of this appeal. The supersedeas bond is therefore set aside and the supersedeas discharged.