## Harvey v. Board of Education City of Harrodsburg.

(Decided February 15, 1924.)

## Appeal from Mercer Circuit Court.

1. Eminent Domain—Tenant After Expiration of Lease May Not Refuse Possession to Condemnor.—A tenant, who is a party to a condemnation proceeding, and in whose favor damages have been assessed therein for contemplated interference with his leasehold, and who, during the pendency of litigation between the condemnor and the property owner, actually occupied the property for the full term of his lease, does not have the right, after the expiration of his lease, to refuse possession to the condemnor, who has settled with the property owner, because the damages assessed in contemplation of interference with the tenant's leasehold have not been paid.

2. Eminent Domain—Rights of Tenant Holding Over.—The holding over by a tenant from year to year for more than 90 days after the expiration of one year, he having been a party to a condemnation proceeding, does not entitle him, under Ky. Stats., section 2295, to hold the property for that year against the condemnor, who has paid the damages assessed in favor of the property owner.

E. H. GAITHER and C. C. BAGBY for appellant.

C. E. RANKIN and J. F. VANARSDALL for appellee.

Opinion of the Court by Turner, Commissioner—
Affirming.

In December, 1920, appellee, board of education, be-
gan a proceeding to condemn certain real property of
W. C. Bell for public school purposes under our statutes.
A final judgment was entered in that proceeding in Feb-
ruary, 1921. Appellant Harvey was a party to that pro-
ceeding, being at the time a tenant of the property
owner, and holding under a lease for the year 1921, and
which expired with that year.

The judgment in the condemnation proceeding
entered in February, 1921, fixed the damages of the holder
of the leasehold at $400.00. The property owner ap-
pealed from that judgment in the circuit court to this
court, and on the 4th of November, 1921, that judgment
was affirmed. (Bell's Committee v. Board of Education,
192 Ky. 700.) The mandate was filed in the clerk's office
of the lower court on December 14, 1921.

At the succeeding term of the circuit court in Feb-
ruary, 1922, Bell asked for a rule against the board of
education to require it to elect whether or not it would
take the condemned property at the damages assessed,
and if it so elected to require it to forthwith pay for
same. The board at the time declined to make such elec-
tion definitely, because it had not sold certain bonds
theretofore authorized for the purpose, and which bonds
it was then endeavoring to sell. The situation rested thus
until the latter part of March, 1922, when the board hav-
ing sold its bonds paid to the property owner the dam-
ages assessed, and the property was thereafter conveyed
to it.

The board, however, declined to pay to the tenant,
Harvey, the amount of damages assessed in his favor
by the verdict and judgment upon the ground that his
leasehold had not been interfered with during the term
of his lease, and he had occupied the leased property
without interference for the full term of his lease.

In May, 1922, the board after notice asked the court
to give it a writ of possession against Harvey. Harvey
filed a pleading alleging he was a tenant from year to
year under Bell, and that his landlord had permitted him
to hold over for more than 90 days after the expiration
of his lease for the year 1921, and that therefore he could

not be ousted of possession until the expiration of the year 1922. He further alleged that he had not been paid the damages assessed in his favor by the verdict and judgment in the condemnation proceeding.

A demurrer was sustained to this pleading, and a writ of possession awarded the board. Harvey superseded that judgment and prosecutes this appeal.

On motion entered in this court the supersedeas has been heretofore discharged. Harvey v. Board of Education, 195 Ky. 630.

Two questions are presented:

First, has a tenant who is a party to a condemnation proceeding in whose favor damages have been assessed therein for contemplated interference with his leasehold, and who, during the pendency of litigation between the condemnor and the property owner, actually occupied the property for the full term of his lease, the right after the expiration of his lease to refuse possession to the condemnor who has settled with the property owner, because the damages assessed in contemplation of interference with the tenant's leasehold have not been paid?

Second, does the holding over by a tenant from year to year for more than 90 days after the expiration of one year, who has been a party to a condemnation proceeding, acquire such rights as entitle him under the provisions of section 2295, Ky. Stats., to hold the property for that year against the condemnor who has paid the damages assessed in favor of the property owner?

1. A statement of the first proposition seems to furnish the answer to it. Primarily the purpose of assessing damages in favor of a tenant occupying property sought to be condemned for public use, is to require the condemnor to pay such damages as may accrue not only to the property owner for the value of his property, but to the tenant who has theretofore acquired by contract with the owner a leasehold estate therein. It is the interference with his leasehold which the law contemplates he shall be paid for, and if there is no interference and he is permitted to hold throughout the term of his lease without interference, it is difficult to understand how, in good conscience, he has suffered any injury whatever. The thing for which the law contemplates he shall be paid has never been taken from him, and he has en-

joyed all the rights he would have had under his lease if the condemnation proceedings had not been instituted.

As said in the case of Schreiber v. C. & E. R. R. Co. (Ill.), 3 S. E. Rep. 427, where the precise question was considered:

"When the petition was filed there were some six months of an unexpired term, of which the tenants could not have been deprived against their consent. But with the company's consent, as implied by their not molesting them, they had the full enjoyment of that unexpired term. It is not reasonable that a party should ask to be compensated for the loss of unexpired term when, in fact, he has had the full enjoyment of his entire term."

Not only so, no absolute obligation rested upon the condemnor to pay the damages assessed in the proceeding, either against the property owner or the tenant. One instituting such a proceeding enters into no obligation, express or implied, with the property owner or tenant that he will take and pay for the property any amount of damages that might be assessed in the proceeding; on the contrary he only acquires the right, under the law, to take it at such amount. In this case by reason of the prolonged litigation it was not necessary for the condemnor to exercise his right to interfere with the enjoyment of the leasehold of the tenant, for while the board was perfecting its rights in the courts against the owner, the tenant was enabled to enjoy all the rights that he had under his lease. Sandy Valley R. R. Co. v. Bentley, 161 Ky. 555; Potter v. Wallace, 185 Ky. 528; Manion v. R. R. Co., 90 Ky. 491.

2. Under the provisions of section 2295, Ky. Stats., a tenant who, without a contract, holds over after the expiration of his term, acquires no right to hold or remain on the premises for 90 days, but if no proceedings are instituted within that time, then none are allowed until the expiration of one year from the day the term or tenancy expires. Manifestly that provision has reference to a holding over by a tenant as against his landlord, and not to a holding over as against one who has acquired by a litigation to which the tenant was a party, a right to the possession both as against the tenant and the owner. Here the tenant was in 1921

a party to condemnation proceedings, wherein the property which he occupied was sought to be condemned for a public use, and in that litigation he sought and was awarded an assessment for the contemplated interference with his leasehold, but because of the prolongation of the controversy in the courts between the condemnor and the owner, the tenant was not disturbed in the use of his leasehold, and was permitted to occupy the property for his full term.

As said in the Schreiber case referred to, in discussing whether tenants who were parties to such proceedings might, pending the proceedings, acquire new rights against the condemnor:

"Could they, after the petition was filed, and summons served, and they thus had notice of the intention to appropriate the property to the uses of right of way, and that the requisite steps were then being taken to execute that intention, acquire new rights in the use of the property adverse to the petitioners? We think not."

Judgment affirmed.