CASE 24—MOTION—JUNE 16.

104  179
f127  641

# L. & N. R. R. Co. v. Schmidt, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

PRACTICE IN COURT OF APPEALS—MOTION TO AFFIRM BEFORE APPEARANCE TERM.—The Court of Appeals will not entertain a motion to affirm as a delay case in advance of the appearance term.

SIMRALL, BODLEY & DOOLAN AND PIRTLE & TRABUE IN SUPPORT OF THE MOTION TO AFFIRM AS A DELAY CASE.

The intention of counsel for the appellant to prosecute a writ of error to the Supreme Court does not remove this case from the operation of sec. 759, Civil Code.

HELM & BRUCE AGAINST THE MOTION.

1. An appeal can not be said to be prosecuted for delay within the meaning of sec. 759, Civil Code, when the judgment of the Court of Appeals is a conditon precedent to a writ of error to the Supreme Court.

2. The motion to affirm is premature. Com. v. Water Co. (Unreported, Record No. 21289.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

April 2, 1898, A. L. Schmidt, etc., recovered a judgment in the Jefferson Circuit Court, Law and Equity division, against the Louisville & Nashville Railroad Company, from which an appeal was granted. April 19, 1898, the plaintiff below filed an authenticated copy of the record in the clerk's office of the Court of Appeals, and on the same day made a motion in open court to affirm the judgment as a delay case. Section 759, Civ. Code, is as follows: "If an appeal with a supersedeas be taken for delay merely, the appellee may *at any time* move the court to affirm the judg-

ment as a delay case; before making which motion he or his counsel shall endorse on the record, in substance, that he has carefully examined the record and believes the appeal is prosecuted for delay merely; whereupon the court shall examine the record, and if they find no error in the proceedings, and believe the appeal was prosecuted for delay merely they shall affirm the judgment." It seems to us the right given by that section to the appellee to move the court at any time to affirm the judgment as a delay case was intended to be exercised only after the case is docketed and regularly before the court. It is true, an appellant has until twenty days before commencement of the second term of the Court of Appeals after a judgment is rendered against him to file the transcript; and not before expiration of that period of time can a motion be sustained to dismiss the appeal granted below for want of prosecution. But section 741 authorizes the appellee to file an authenticated copy of the record in the clerk's office of the court of appeals with the same effect as if filed by appellant; and as a result of the action taken by appellee in this case it will be docketed and heard before this court at the next September term, but not sooner, unless appellant consents to advance it, which it has not done. To affirm a judgment as a delay case involves a decision on the merits after examination of the record by this court, and, of course, displacement of other cases already submitted after having been regularly docketed and called for hearing, and, there being no emergency requiring such motion to be taken up and disposed of before the case has been duly docketed, especially when a supersedeas bond has been executed, it is a fair inference it was not so intended. Besides, to submit and decide a case on its merits upon motion of one party before the case

is regularly docketed and before the court, and without consent of the other party, might in many cases deprive that other party of full opportunity to be heard. The motion, therefore, is not entertained.