CASE 64.—ACTION BY O. B. INGRAM AGAINST THE CINCINNATI, FLEMINGSBURG & SOUTHEASTERN R. R. CO. AND OTHERS TO HAVE SAID RAILROAD COMPANY PLACED IN THE HANDS OF A RECEIVER.— December 19.

## Ingram v. Cincinnati, F. & S. E. R. R. Co.

Appeal from Fleming Circuit Court.

JAMES P. HARBESON, Circuit Judge.

Motion by plaintiff for receiver overruled and he appeals—Motion to docket case in Appellate Court overruled.

Ingram v. Cincinnati, F. & S. E. R. R. Co.

1 Appeal — Affirmance—Motion—Grounds — Delay.—Under Code Prac., 1906, section 759, providing that, if an appeal with supersedeas is taken for delay merely, the appellee may at any time move the court to affirm the judgment as a delay case, the court can not entertain a motion to affirm as a delay case until the case is regularly on the docket and before the court.

2. Same—Calendars—Preferring Case.—The court of appeals will not entertain a motion to docket an appeal and advance a case for decision before it has been regularly placed upon the docket as provided by Code Practice, 1906, unless both parties consent thereto; and section 298, providing that the order of a court appointing or refusing to appoint a receiver shall be deemed a final order for the purpose of an appeal, does not put appeals taken under it on a different footing from other appeals.

3. Same—Elections.—Under the statute regulating appeals in election cases, providing that the transcript must be filed within 30 days after final judgment in the circuit court, and that in the court of appeals the case shall be heard and determined as speedily as possible and shall have precedence over all other cases, election cases may be heard and determined at the time at which they are filed.

J. A. SCOTT, ELWOOD HAMILTON and O. A. BRIGHT for appellant.

POINTS AND AUTHORITIES.

1. Receiver's duties. (Alderson on Receivers, section 2, p. 3; section 4, p. 7; section 515, p. 701.)

2. The duty of the court in the appointment of a receiver. (Columbia Finance & Trust Co. v. Morgan, etc., 19 Ky. Law Rep., 1761; Reban v. Furham, 21 Ky. Law Rep., 17; Ind. Mut. Deposit Co.'s Receiver v. Taylor, 26 Ky. Law Rep., 802.)

3. The sale of the railroad. (Ky. tSats., section 561; Economy Bldg. & Loan Assn. v. Paris Ice Mfg. Co., 24 Ky. Law Rep., 107; Thompson on Corporations, section 6688; I. C. R. R. Co. v. Sheegogg's Admr., 31 Ky. Law Rep., 691; Campden Interstate Ry. Co. v. Lee, etc., 27 Ky. Law Rep., 75; Thompson on Corporations, section 371; 6 Am. & Eng. Ency. of Law, 818; 1$ Cyc., 306-414; Ball v. Maysville & Big Sandy R. R. Co., 19 Ky. Law Rep., 1540; Thompson on Corporations, section 372; Morawetz on Private Corporations, sections 790, 791; L. & N. R. R. Co. v ѕiudle, 112 Ky., 494; Graham v. Graham, 113 Ky., 745.)

B. S. GRANNIS and JOHN P. McCARTNEY for appellee.

POINTS AND AUTHORITIES.

The appellant is not entitled to a receiver under section 299 of the Civil Code, for the reason that he has no mortgage debt; nor is he entitled to a receiver under section 298 of the Civil Code, (Civil Code, sections 299, 398; Constitution, sections 202-203;. Roush v. Vanceburg, etc., Co., 85 S. W. 735-738, 27 Ky Law Rep. 542; Bailey and wife, v. Southern R. R. Co. in Ky., 112 Ky., 430-431; M. & B. S. R. R. Co. v. McCabe, 112 Ky., 861; M. & B. S. R. R. Co. v. Sweiz, 116 Ky., 253; Slater v. Sherman, 5 Bush, 206; Anglin v. Conley, 71 S. W., 926; Ky. Racing & Breeding Assn. v. Galbreath, etc., 77 S. W., 371; Tolle, etc., v. Owensboro, etc., R. R. Co., 111 Ky., 496-499; Ky. Stats., sections 560 and 814; Ky. Stats., section 1907; Leavel y. Poore, 91 Ky., 321.)

OPINION OF THE COURT BY JUDGE HOBSON—Overruling motion.

O. B. Ingram on November 6, 1907, recovered a judgment for $4,000 against the Covington, Flemingsburg & Ashland Railroad Company. Execution was issued on the judgment and returned "No property found." On November 11, 1907, he filed this suit against the Covington, Flemingsburg & Ashland Railroad Company, the Cincinnati, Flemingsburg & Southeastern Railroad Company, and the Columbia Finance & Trust Company, in which he alleged that the first company had sold out to the second its railway and property, and that as a part of the price the purchaser agreed to pay to him any sum which he might recover in the action which he had then instituted, and in which he recovered the judgment for $4,000; that the purchaser had made a mortgage to the Columbia Finance & Trust Company to secure bonds to the amount of $30,000; that the, purchaser had taken possession of the road, but had ceased to operate about 12 miles of it; that in ceasing to operate

the road it had materially impaired its earning power; that the road was depreciating in value; that he had a lien upon the property for the payment of the judgment; and that his security was being depreciated by the acts of the purchaser. He prayed that the road be placed in the hands of a receiver. On November 30, 1907, he entered a motion before the circuit judge for the appointment of a receiver. The court overruled the motion, and he prayed an appeal to this court, which was granted. On December 10th he filed a transcript of the record in this court, and entered a motion that the case be docketed, advanced, and set for hearing at this term. Appellees object to the motion on the ground that the court has no power to hear the case until it is regularly docketed as provided by the Code.

Section 759, Code Prac. 1906, provides that if an appeal with supersedeas is taken for delay merely, the appellee may at any time move the court to affirm the judgment as a delay case. Under this section it has been held that the court cannot entertain a motion to affirm as a delay case until the case is regularly on the docket and before the court. L. & N. R. R. Co. v. Schmidt, 104 Ky. 179, 19 Ky. Law Rep. 666, 46 S. W. 688; Wyatt v. Ryan, 65 S. W. 129, 23 Ky. Law Rep. 1457; Hamilton v. Ky. Title Co., 79 S. W. 1182, 25 Ky. Law Rep. 1575. The same rule has been uniformly followed by the court where motions have been made to docket an appeal and advance the case for decision before it had been regularly placed upon the docket as provided by the Code, unless both parties consented to the docketing and advancing of the case. Meacham v. Dem. Executive Com., 115 Ky. 2461, 71 S. W. 447, 24 Ky. Law Rep. 1340; Sweeney v. Coulter, 57 S. W. 254, 470, 22 Ky.

Law Rep. 339. Section 298, Code Prac. 1906, provides: "The order of a court, or of the judge thereof, appointing or refusing to appoint a receiver, shall be deemed a final order for the purpose of an appeal to the Court of Appeals." There is nothing in this section, however, to put appeals taken under it on a different footing from other appeals.

The statute regulating appeals in election cases provides that the transcript must be filed within 30 days after final judgment in the circuit court, and that in this court the case shall be heard and determined as speedily as possible and shall have precedence over all other cases. Under this provision it has been held that election cases may be heard and determined at the time at which they are filed. But, there being no such provision as to appeals in suits for the appointment of a receiver, they cannot be given precedence over other cases. Counsel insist that, while this may be true as to appeals from final judgments in actions like this, appeals from orders made on motions should stand differently. The difficulty with this is that the Legislature has not so provided. It has simply given the right of appeal from orders made on motions, but has left the appeal to be regulated as other appeals.

The motion to docket the case is therefore overruled.