## Wathen v. Wathen.

(Decided November 25, 1919.)

*Appeal from Marion Circuit Court.*

1. Appeal and Error—Practice—Appellee May File Record—Effect of. —Under section 741 of the Code the appellee may file in the clerk's office of this court the record with the same effect as if filed by appellant.

2. Appeal and Error—Practice—Dismissal of Appeal.—The appellee, who files the record, cannot demand as a matter of right the dismissal of the appeal upon the ground that the court has no jurisdiction or for any other reason until the case has been put on the docket.

3. Appeal and Error—Dismissal of Appeal—Practice.—When the appellant fails to bring the record here within the time allowed by section 738 of the Code, unless he has been given further time,

the appellee may bring a copy of the judgment and supersedeas bond, if one, and after filing the same in the clerk's office, move the court to dismiss the appeal and discharge the supersedeas.

4.   Appeal and Error—Docketing and Advancement of Cases—Practice.—Under section 753 of the Code either party may file the transcript in the office of the clerk of this court and move the court upon notice to docket, advance and submit the case, entering at the same time any motions in respect thereto he desires to make.

S. P. SPALDING, W. C. McCHORD, H. S. McELROY and S. A. RUSSELL for appellant.

CHARLES C. BOLDRICK and J. VERSER CONNOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Overruling motion to dismiss appeal.

In a suit for divorce and alimony brought by the appellee against the appellant in the Marion circuit court there was an order made and entered on October 10, 1919, directing the payment of a monthly allowance to the appellee during the pendency of the action. To this order the appellant excepted and prayed an appeal to this court which was granted, and on October 20 the appellant executed a supersedeas bond.

The appellee having obtained from the clerk of the Marion circuit court a true and complete copy of the record filed it in the clerk's office of this court on November 7, 1919, and on the same day entered a motion in this court to dismiss the appeal of appellant upon the ground that the amount of alimony allowed appellee by the lower court was not sufficient to give this court jurisdiction of the appeal prosecuted from the order.

The appellant having filed his objection to the motion the question is—should the motion of the appellee to dismiss the appeal be overruled or sustained?

It is provided in section 741 of the Code that "The appellee may file an authenticated copy of the record in the clerk's office of the Court Appeals with the same effect as if filed by the appellant." But this does not authorize the appellee to demand as a matter of right. the dismissal of the appeal, upon the ground that this court had no jurisdiction of it, or for any other reason, before the case has been regularly put on the docket of this court.

The appellant who is granted an appeal by the lower court must under section 738 of the Code "file the transcript in the office of the clerk of the Court of Appeals at least twenty days before the first day of the second term of said court next after the granting of the appeal, unless the court extend the time; as, for cause shown, the court may do." But this does not deny to the appellant the right to file his transcript in the clerk's office of this court at any time after the appeal has been granted him by the lower court. And if the appellant should within ten or any number of days after the appeal was granted file the transcript in the office of the clerk of this court, that would not give the appellee the right immediately thereafter, or at any time until the case had been put on the docket, to have the appeal dismissed for want of jurisdiction or any other cause; and when the appellee brings the record up he occupies the same position as if the appellant had brought it up.

It is a further rule of practice that when the appellant has been granted an appeal by the lower court and he fails to file the transcript in the office of the clerk of this court within the time given by section 738, unless he has been given further time, the appellee may, after the time given to the appellant in section 738 to file the transcript has expired, bring here a copy of the judgment and supersedeas bond if one has been executed, and after filing same in the clerk's office, move the court to dismiss the appeal and discharge the supersedeas bond if one was executed and this will be done. The dismissal of the appeal under circumstances like these does not, however, prevent the appellant from bringing his case here on appeal by filing with the clerk of this court the record as provided in section 734 of the Code.

It is further provided in subsection 4 of section 753 of the Code that "In any case where the appeal is granted by the inferior court or where the appellee has been summoned if the appeal is granted by the clerk of the Court of Appeals, the Court of Appeals may, at any time in its discretion, after the transcript is filed, on motion of either party upon reasonable notice to the adverse party, order the appeal docketed, advanced and set for hearing upon a day to be fixed by the court."

Under this section either party may at any time after an appeal has been granted by the lower court or by the

clerk of this court file the transcript in the office of the clerk of this court and move the court upon reasonable notice to the adverse party to docket, advance and submit the case, entering at the same time his motion to dismiss, as well as any other motions he desires to make; but whether the case will be docketed, advanced and submitted or either advanced, docketed or submitted is entirely within the discretion of this court. If, however, the appeal is docketed, advanced and submitted by this court then the case stands as any other case that has been submitted.

The appellee here did not proceed under this provision of the Code, but if she had done so we would not be disposed to docket, advance and submit the case because it does not appear that there is such an emergency as would authorize this case to be taken up out of the regular order. This case will appear on the docket of the January term of this court and when it is called on the docket the appellee may renew her motion to dismiss the appeal and the motion will be promptly disposed of.

Other cases relating to the practice of docketing and advancing cases out of their order are Stratton v. Merriwether, 147 Ky. 577; Ingram v. Cincinnati Railroad Co., 127 Ky. 638; L. & N. Railroad Co. v. Schmidt, 104 Ky. 179. But it should be kept in mind that subsection 4 of section 753 now controls the practice in this respect and that the docketing, advancement and submission or either of cases, whether the motion is made by appellant or appellee, is entirely within the discretion of the court.

Wherefore the motion to dismiss the appeal is overruled.