## Hammonds v. First National Bank of Russell Springs.

(Decided March 25, 1927.)

### Appeal from Russell Circuit Court.

1.  Partnership.—A retiring partner is liable for partnership debts contracted after his retirement in the regular course of business with persons, partnerships, or corporations who had dealt with the partnership before partner retired therefrom, and do not know of partner's retirement at the time of the creation of the debts.

2.  Partnership.—In action against retired partner to recover indebtedness incurred by partnership after his retirement, whether retired partner gave plaintiff actual notice of his retirement so as to be relieved from indebtedness incurred by partnership after his retirement held question for jury.

3.  Partnership.—In action against retired partner for indebtedness incurred by partnership after his retirement, evidence held to conclusively show that plaintiff bank did not know of any change in the partnership name, so as to be put on inquiry as to change

in the personnel of the partnership, in view of the partnership bank accounts being carried under the same style.

4. Partnership.—In action against retired partner for indebtedness incurred by partnership after his retirement, change in partnership name from Russell Springs Milling Company to Russell Springs Roller Mill held insufficient to put bank on inquiry as to change in personnel of partnership.

5. Partnership.—In action against retired partner for indebtedness incurred by partnership after his retirement, instruction that if plaintiff received through any of its executive officers notice of such retirement before contracting any part of the indebtedness to find for defendant, but if all of debt was not so contracted to find for plaintiff for such portions as contracted before receiving notice, held sufficient.

O. B. BERTRAM and W. J. CHUMBLEY for appellant.

ROBERT ANTLE, J. W. HILL and LILBURN PHELPS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, First National Bank of Russell Springs, Kentucky, was at the time herein mentioned a corporation under the national banking laws and engaged in the banking business in Russell Springs, Kentucky. It brought this ordinary action in the Russell circuit court to recover judgment against appellant and defendant below, C. A. Hammonds, and one M. W. Cooper, upon two notes; one for $270.00 executed on November 12, 1923, and the other for $390.00 executed on March 6, 1924, and both of which were made payable to plaintiff and signed "Russell Springs Roller Mill, by H. M. Cooper." The consideration for each note was other prior ones executed in the same way for similar amounts with accumulated interests, and, perhaps, a part of each was also for some small overdrafts. At any rate, it was alleged in the petition and proven at the trial that the Russell Springs Milling Company (to which we shall hereafter refer as the "Milling Company") got the benefit of the consideration of each note. It was also averred in the petition that the Milling Company was a partnership and that Hammonds and Cooper were the sole members thereof. Cooper failed to answer and judgment by default was taken against him; but Hammonds answered, although proceeded against as a nonresident, and denied that he was a member of the partnership at the respective dates of the notes, nor was he

such member at the time of the inception of any part of their considerations; that about the last of 1917 or the first of 1918 he and Cooper did form a partnership for the operation of a mill at Russell Springs under the name and style of the "Russell Springs Milling Company," but that he on January 1, 1919, moved to Rome, Georgia, where he had since lived, and that on October 17, 1921, he sold his interest in the mill and thereafter it was operated by Cooper and his associates under the partnership name of "Russell Springs Roller Mill," and that the consideration for the notes was for the benefit of the latter partnership and not the original one of which he was a member; that the plaintiff had knowledge of such facts, not only at the time of the execution of the two notes sued on, but upon all prior dates when any part of the considerations was created. A reply formed the issues, and upon trial before a jury, it, under the instructions of the court, returned a verdict against appellant for the full amount of the notes and interest, upon which judgment was rendered, and his motion for a new trial having been overruled he prosecutes this appeal.

It might be conceded for the purposes of this case, and which we think is established by the proof, that appellant did retire from the business in 1921 and that he thereafter had no connection with it, but it does not necessarily follow that because of that fact alone he was not liable on the notes, though the indebtedness was created after his retirement, for it is a well settled principle of law that a retiring partner will continue liable for the debts of the partnership contracted thereafter in the regular prosecution of the business, provided such debts were made with persons, partnerships, or corporations who had theretofore dealt with the partnership before defendant's retirement therefrom and at the time of the creation of the debt such persons, partnerships or corporations possessed no knowledge of defendant's retirement. One of the latest cases from this court so holding is Reid-Murdock & Co., et al. v. Model Meat & Grocery Co., et al., 204 Ky. 795. Others are referred to in that opinion and the list could be carried to almost an unlimited length, since the doctrine is without exception so far as we have been able to learn.

But, it is insisted by appellant that some time in February, 1922, he notified the cashier of plaintiff that he no longer was in the milling business and that he had

sold out his interest and ceased to be a member of the partnership, and that all of the consideration of the two notes, except $100.00 and accumulated interest, had been created since that time.   If that were true (and the jury were so authorized to find by the instructions), then appellant would not be liable for any indebtedness created thereafter.   However, the cashier of plaintiff and all of its officers and directors testified that no such notice was given to them, either by appellant or anyone else, and that they had no knowledge of his retirement from the firm until after demand made on him to pay the notes sued on.   We repeat, that the issue was submitted to the jury and it accepted the testimony of plaintiff and its witnesses rather than that of appellant.

It is, however, again insisted by learned counsel in his brief for appellant that the change in the name of the firm after his retirement from the partnership was itself sufficient to put plaintiff and all persons dealing with it upon notice that a change had been made therein, and to put plaintiff on inquiry, which, if done, would have developed to it the fact of appellant's retirement, and, not having done so, the latter was not liable for any part of the considerations of the notes except that portion that was contracted before the change in the name of the partnership.

In the first place, the evidence does not clearly establish that there was any such change in its name.   But if there were, then it is conclusively shown that plaintiff never knew about it until after the execution of the notes. Moreover, the partnership did business with two banks in Russell Springs before appellant retired as a member of it, one of which was appellee, and the records of both banks show that the accounts ran in the name of "Russell Springs Roller Mill," instead of "Russell Springs Milling Company."   So that, the information that appellant had as to the firm name (it not having complied with the provisions of section 199b of the statutes by filing with the county court clerk the names of the persons composing the firm), in so far as the business transacted with it was concerned, was that it was all the time "Russell Springs Roller Mill," including the time when appellant was an acknowledged member.

But, putting aside those considerations and attributing to them no effect for the purposes of this case, the Reid-Murdock Company case supra, expressly disposes

of the contention against appellant. In that case the style of the firm before the retirement of defendant was "Model Meat & Grocery Company" and the subsequent operation of the business was under the style of "Model Grocery Company." Plaintiff therein had transacted business with the firm prior to the retirement of defendant, and the only notice it had, if any, of such retirement was the change in the name, if indeed it had that much. The same insistence was therein made as is here done, but we answered it in this language: "In the first place, even if, as stated by young Hampton, he after purchasing the business conducted the same in the name of the Model Grocery Company instead of the Model Meat and Grocery Company, as it had theretofore been conducted, there was no such change in the style of the business name as to bring home to those previously dealing with it the knowledge that a change in the personnel of the partnership had taken place. It is not unusual for a partnership doing business under one name or style to change or slightly modify a business name without there being any change whatsoever in the membership of the firm. The mere leaving out of one word in a firm style, which does not materially change its sound, or indicate that it is a new firm, will not operate as a notice to those previously doing business with the old firm under the old name that a change has taken place in the ownership of the business." Upon a second consideration of the question we see no reason to depart from what we said in that case. On the contrary, we adhere to it, since we are convinced that it is perfectly sound, and being a complete answer to the argument of counsel, this contention must be overruled. What we have said also disposes of the further contention that the court erred in overruling appellant's motion for a peremptory instruction.

But it is insisted that the instructions of the court were erroneous. One of the arguments, however, in support of that insistence is, that no instruction should have been given except a peremptory one, but which we have found was and is incorrect. The instructions only submitted to the jury the fact of plaintiff's notice of the retirement of appellant from the partnership of which he was a member then, and stated to it that if it found from the evidence that plaintiff received, through any of its executive officers, notice of such retirement

before the contracting of the indebtedness sued on, or any part of it, the jury would find for the defendant if all of it had been so contracted, but if not, then it would find for plaintiff for only such portions thereof as were contracted before receiving such notice.    Clearly, that was the only issue in the case under the evidence, and the jury having found against appellant's contention, we are without authority to reverse the judgment, since there is no contention, nor indeed could one be made, that the verdict was flagrantly against the evidence.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.