# Webb v. City of Eminence.

May 7, 1940.

Charles C. Marshall, Judge.

Bernard B. Davis for appellant.

Lewis D. Jones for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

R. R. Webb brought this action under the Declaratory Judgment Law, (Civil Code of Practice, Section 639a-1 et seq.) against the city of Eminence alleging that he is the legal holder of a beer distributing license issued to him by the Commonwealth as provided by Section 2554b-197, Kentucky Statutes Supp. 1939; that the privileges and business authorized by such license are fully enumerated and set out in Sections 2554b-118 and 2554b-199, Kentucky Statutes Supp. 1939; that he has only one place of business which is located in the city of Shelbyville; that under such license he is empowered to transport in his own vehicles beer and malt beverages brought from his licensed premises to licensed distributors, retailers or individual consumers; that he does in his own trucks transport beer from his licensed premises to retailers in Eminence; that under an ordinance adopted by the city of Eminence he under protest had been required to pay a license fee of $50 which had been exacted of him by the city authorities; that the ordinance and the license fee thereunder is void and unenforceable; that it is beyond the power of the city of Eminence to impose any license fee or tax upon him as a distributor of beer since he maintains no place of business within the corporate limits or jurisdiction of that city and is expressly authorized to transact the business of beer distributor by the Commonwealth of Kentucky; that the city of Eminence is expressly limit-

ed in its power to impose license on plaintiff's business as a beer distributor by Section 2554b-113.

In a second paragraph he pleaded that in addition to the grounds set out in the first paragraph the ordinance in so far as it is sought to be applied to him or to any other beer distributor is void and unenforceable because of violation of the constitution of Kentucky and specifically Sections 2, 3, 171 and 181 thereof, and also in violation of the 14th amendment of the constitution of the United States, for reasons therein set out.

The city by answer traversed the first and second paragraphs of the petition and by a third paragraph alleged that by virtue of Sections 2554b-113, 2554b-197, and 2554b-199, Kentucky Statutes Supp. 1939, it was expressly authorized to collect a distributor's license from plaintiff and other distributors of beer and that operators of plaintiff's trucks have delivered beer to and within the city limits of Eminence acting as agent of plaintiff and that such drivers, operators and agents accepted orders at the place of business wherein the delivery was made; that the orders were taken and filled and the merchandise then delivered from plaintiff's truck to the merchant who pays the operator or agent of plaintiff the purchase price therefor; that it is discretionary with the merchant and operator and agent of plaintiff how much and in what quantities the merchandise can be sold and delivered at the time.

Plaintiff entered a demurrer to the answer which was overruled and upon declining to further plead it was adjudged that his petition be dismissed and the rights of the parties declared to be that the city of Eminence is empowered to levy a tax on plaintiff by way of license and that such license is valid and enforceable. Plaintiff is appealing.

Section 2554b-199, Kentucky Statutes Supp. 1939, provides in substance that a distributor's license authorizes the holder to purchase, import or store malt beverages and sell same from the licensed premises only to other licensed dealers, distributors, retailers or consumers for personal use only and that he may transport malt beverages subject to requirements provided for in Section 2554b-118. It further provides that if such distributor maintains more than one place of business or warehouse, agent, distributor, broker or jobber

from which orders are received or beverages distributed that nothing contained in that section shall prevent the collection of an additional distributor's license tax, etc.

Section 2554b-113 confers upon cities in which the traffic of alcoholic beverages is permitted power to impose and collect license fees or taxes for the privilege of engaging in the business of traffic in alcoholic beverages but provides that only such licenses may be issued as correspond in their provisions and the business authorized to the licenses provided for in other specified sections, including the section providing for a license fee for distributors of malt beverages.

According to the allegations of the third paragraph of appellee's answer appellant through his agents had been engaged in the business of selling and distributing beer from his trucks within the city limits of Eminence; that the sales to retail dealers of malt beverages as well as the delivery was made within the city limits by appellant through his agents.

Appellant makes no argument to sustain the allegations of the second paragraph of his petition and no attempt to point out wherein the ordinance under attack contravenes any provision of either state or federal constitution and we are therefore not called upon to devote any attention to that question. Neither do we find it necessary to determine whether appellee might exact a license tax of appellant for making delivery in Eminence by his own trucks of malt beverages sold from his place of business in Shelbyville since as alleged in the answer and admitted by demurrer both sales and deliveries were made within the corporate limits of Eminence from appellant's truck through agents and in such circumstances it is manifest that the court correctly declared the rights of the parties.

Judgment affirmed.