## Brown et al. v. Thompson.

Feb. 11, 1941.

J. H. Thomas for appellant.

Barnes, Smith & Monarch for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

On May 10, 1939, Eugene E. Thompson recovered a default judgment against Rena Brown and others enforcing liens on two tracts of land securing the payment of certain drainage district bonds owned by plaintiff. It was also adjudged that the defendants did not have the right to buy other bonds and surrender them to the drainage commissioners in satisfaction of assessments on their land. In due course a sale of the land was made by the master commissioner and Thompson bought it. Only O. V. Brown, the husband of one of the joint owners and a party to the suit, filed a motion to set aside the judgment and exceptions to the report of sale. The grounds were that the husband of one of the joint owners was not before the court and casualty and misfortune.

On July 26, 1940, the court overruled the motion and the exceptions, and confirmed the sale, to which judgment O. V. Brown excepted and from which he was granted an appeal.

On August 26, 1940, the plaintiff below, Thompson, filed the record in this court as permitted by Section 740, Civil Code of Practice. All of the defendants are named in his statement of appeal as appellants. On November 22, 1940, notice having been served upon each of the stated appellants, the appellee, Thompson, filed a motion to advance the case which was sustained. On the same day he filed a brief on the merits. Afterward the motion of O. V. Brown to dismiss the appeal without prejudice was overruled. No brief has been filed by the appellants.

The filing of the record by the victor in a trial as authorized by Section 741, Civil Code of Practice, has the same effect as if filed by the loser as appellant. Louisville & N. R. Co. v. Schmidt, 104 Ky. 179, 46 S. W. 688, 20 Ky. Law Rep. 456. When that is done the appellant will not be permitted to dismiss the appeal if doing so will prejudice the rights of appellee. Sweeney v. Coulter, 109 Ky. 295, 58 S. W. 784, 22 Ky. Law Rep. 885. If the appellant files no brief specifying errors, the court will not search the record to determine of its own accord whether the judgment is erroneous or not, but will act on the presumption that no error exists.

Hunt v. Pikeville National Bank, 218 Ky. 756, 292 S. W. 327. Such is this case, and we affirm the judgment of July 26, 1940. It is to be noted that only O. V. Brown was granted an appeal by the circuit court.

Judgment affirmed.