## Commonwealth, for Use and Benefit of City of Hazard, v. Day.

June 10, 1941.

Hubert Meredith, Attorney General, and W. E. Faulkner for appellant.

Dodd & Dodd and E. C. Wooton for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case presents the question as to whether a municipality may place a tax on a nonresident liquor wholesaler, jobber or distributor, who delivers his products to customers within the municipality by means of his own trucks. The lower court held that the City of Hazard could not levy such a tax and the City prayed an appeal; however, it did not perfect it. The appellee has filed a copy of the record in accordance with the provisions of Section 741 of the Civil Code of Practice, and has asked that the judgment be affirmed. See Brown v. Thompson, 285 Ky. 410, 148 S. W. (2d) 285.

Since we concur in the views expressed by the trial judge in his opinion denying the right of the City to levy the tax, we quote it herein and adopt it as our own. It follows:

"This is an appeal by the defendant from a judgment of the Hazard Police Court, pursuant to Section 3519, Kentucky Statutes, to test the validity of an ordinance of said city, and is under submission to the court for final opinion and judgment upon an agreed statement of facts.

"In 1938 the City amended its ordinance fixing license fees for the various phases of the liquor business carried on in the city, and the section of said ordinance complained of in this case, when so amended, reads as follows:

" 'No permit or license shall be granted to a wholesaler, jobber, or distributor until such person has secured the license as such wholesaler, jobber or distributor as required by the laws of the State of

Kentucky, and until the said person has paid into the City Treasury the sum of $200.00 for the privilege of acting as such wholesaler, jobber or distributor for the period of one year.

" 'Provided: that where such wholesaler, jobber or distributor maintains a store, plant, warehouse or distribution point outside of the City of Hazard and delivers liquors to customers within the corporate limits of said city by means of his own trucks, having first obtained the license as such wholesaler, jobber or distributor required by the laws of the State of Kentucky, may be granted a license by the Clerk of the City of Hazard upon paying into the Treasury of said city the sum of $50.00 for each truck so used.' "

"The italicized lines embraced the amendment of 1938.

"According to the agreed statement of facts the defendant was arrested on May 24, 1940, charged with a violation of the foregoing ordinance, and was at that time a regularly employed truck driver for Josselson Brothers, Incorporated, of Ashland, Kentucky, and was on business for said Josselson Brothers at the time, acting as their duly authorized agent and within the scope of his authority; that Josselson Brothers, Incorporated, at the time mentioned, were wholesale liquor dealers, holding permit No. 33 under Section 2554b-114, Subsection 4, April 1939 Supplement to Kentucky Statutes; that the truck operated by defendant was owned by Josselson Brothers and was being used in compliance with Sections 2554b-118 and 2554b-120 of the Statutes; that the liquor on the truck at the time had been sold by Josselson Brothers on their licensed premises at Ashland to licensed retail liquor dealers in Hazard, and were in process of being delivered by defendant as truck driver and agent of the wholesalers; that Josselson Brothers had not complied with the foregoing ordinance by taking out the license mentioned therein covering the truck being used by the defendant on the occasion in question.

"The question to be determined is whether one who holds a permit under the Alcoholic Beverage

Control Law to deal in spirits and wine at wholesale possesses also the incidental right by virtue of said permit to transport such products to licensed retail dealers within the state. While the court has been referred to no case involving this exact question, able counsel in this case have thoroughly argued and briefed the subject of transportation under the Control Law, and the task of the Court, the construction of the Control Law in this respect, has been rendered comparatively easy. Several sections of the law are involved.

"Section 2554b-114, listing the kinds of licenses which may be granted, provides in Subsection 4 for wholesale liquor license as follows:

" 'License to sell distilled spirits and wine at wholesale, the fee for which shall be $1,000 per annum';

"Section 2554b-120 sets out the business in which a wholesaler may engage and reads in part as follows:

" 'A wholesaler's license shall authorize the holder thereof to purchase, receive, store, and possess distilled spirits and wine; to sell same at wholesale, from the licensed premises only; and to transport from his licensed premises for himself only any alcoholic beverage which he is authorized under his license to sell, provided that he so transport such beverages in the manner provided for manufacturers in Section 21 of this Act.  *  *  *.'

"Section 2554b-118 (Section 21 of the original Act), provides just how a manufacturer may transport his products; he is authorized, '*  *  * to transport for himself only any alcoholic beverage which he is authorized under this license to manufacture or sell, provided that he so transports such beverages by a truck, wagon, or other vehicle owned and operated by himself, and which shall have affixed to its sides at all times a sign of such form and size as may be prescribed by the State Board, containing among other things the name and license number of the holder of such license, and further provided that no distilled spirits or wine shall be transported on the same truck or vehicle with malt beverages, except by a common carrier.'

"It would seem from these sections of the Act, and Section 2554b-190 and Section 2554b-199, and other parts of the Act, that license to transport may be granted only to railway and express companies, holders of transport licenses, and to manufacturers, wholesalers and distributors as an incident to their business.

"Under Section 2554b-113 of the Control Law, municipalities in which the traffic in alcoholic beverages is permitted, have the power and authority to impose and collect license fees or taxes for the privilege of engaging in the various phases of this business. This section as amended by the 1940 Legislature [c. 14] provides that:

" '* * * Only such licenses may be issued as correspond in their provisions and the business authorized, to the licenses provided for in Subsections one, two, four, five and six of Section 18 of Chapter 2 of the Acts of the General Assembly of 1938, and Subsections six and seven of Section 29, Chapter 2 of the Acts of the General Assembly of 1938, and Subsections one, two, three and six of Section 96 of Chapter 2 of the Acts of the General Assembly of 1938. * * *,'

"Sections 18, 29 and 96 of Chapter 2 of the Acts of 1938 are Section 2554b-114, Section 2554b-126 and Section 2554b-197 respectively in Baldwin's 1939 Kentucky Supplement. Municipalities are limited in their power to issue licenses in connection with the liquor traffic to the ones mentioned in the subsections referred to in Section 2554b-113, and the license to transport is not included.

"By the Alcoholic Beverage Control Law the Legislature attempted to regulate the liquor traffic in Kentucky in every minute detail and so far as possible to minimize the evils commonly incident to this business.

"To this end it undertook to channelize the traffic and all its various phases, Ziffrin, Inc., v. Reeves, 308 U. S. 132, 60 S. Ct. 163, 84 L. Ed. 128. Since the Legislature has attempted to completely regulate this business, the right to transport alcoholic beverages in Kentucky is not an inherent right, and when it exists it must exist by virtue of a com-

pliance with this Control Act, and as an incident to the character of license held by the person claiming such right. Provision is made for a transporter's license, but only common carriers may obtain such license. There is no provision for a license to an individual to transport independent of the license which he may obtain to deal in alcoholic beverages as a manufacturer, wholesaler or distributor. Section 2554b-118 provides that a manufacturer may transport the beverages which, under his license, he may manufacture but provides just how he shall transport. Section 2554b-120 gives the same right to a wholesaler duly licensed as such, but provides that he shall transport in the same manner as a manufacturer is required to do.

"So that it appears that the license issued by the State under Subsection 4 of Section 2554b-114, to engage in the wholesale liquor business in Kentucky, grants to the holder of such a license the incidental right to transport such beverages as he is authorized to sell from his licensed place of business only to licensed retailers, in his own trucks, in the manner described in Section 2554b-118. A municipality may impose a license tax on a wholesaler located or doing business within its jurisdiction. Webb v. City of Eminence, 282 Ky. 849, 140 S. W. (2d) 622. But the court finds nothing in the Control Act conferring on a municipality the power to impose a tax for the privilege of transporting alcoholic beverages into the municipality by a wholesaler licensed as such by the State from his premises or place of business outside the municipality.

"It is a well-settled principle that municipalities have such powers and only such powers as are given by express statute or by necessary implication. City of Covington v. Woods, 98 Ky. 344, 33 S. W. 84; Jones v. Stearns, 275 Ky. 729, 122 S. W. (2d) 766; Herd v. City of Middlesboro, 266 Ky. 488, 99 S. W. (2d) 458. The Legislature of 1940 amended Section 2554b-113 of the Act and added somewhat to the powers of the cities thereunder, to impose license taxes, but did not include the power to issue licenses to transport alcoholic beverages.

"In view of the sections of the Alcoholic Beverage Control Law mentioned herein, and the con-

struction which this court puts upon them, the City of Hazard exceeded its power by amending its ordinance in 1938 and attempting by said amendment to impose a license tax on duly authorized wholesale liquor dealers located in other parts of the state for the privilege of transporting into the city and delivering to licensed retailers therein, the alcoholic beverages, which, under the permits issued by the State, such wholesalers had the right to sell on their premises and transport to their customers. That part of the ordinance referred to, under which the defendant was arrested and convicted, for the reasons herein stated, is declared and adjudged to be illegal and void. It is further ordered and adjudged that the judgment of the Hazard Police Court finding the defendant guilty of a violation of this ordinance be set aside and held for naught and the warrant dismissed, and such other proceedings be had, consistent herewith, as may be necessary."

Wherefore, the judgment is affirmed.