## City of Russell v. Morris.

Dec. 11, 1942.

John T. Diederich for appellant.

Clyde R. Levi for appellee.

Opinion of the Court by Judge Thomas—Reversing.

On July 7, 1941, the police judge of the city of Russell in Greenup County, issued a warrant for the arrest and trial of the appellee, Sam Morris, who was trading and doing business under the trade name of Morris Beer Distributing Company, under proper state permits as a beer distributor, with his plant and place of business located in the city of Ashland, Boyd County, Kentucky. The warrants charged him with selling beer within the city of Russell to one A. E. Isrel, a retail dealer, with his place of business located in that city, without procuring a license from the city, which was required by ordinance, and for which a license fee was provided. Defendant (appellee here) was convicted at his trial in the police court, and fined $50. He prosecuted an appeal therefrom to the Greenup circuit court, wherein the parties filed an

agreed statement of facts, and that court reversed the judgment rendered in the Russell police court and discharged the defendant in the warrant upon the ground that the attempted imposed license by the ordinance of the city of Russell was unauthorized and void, and from that judgment the city prosecutes this appeal.

The city relies for reversal of the judgment almost exclusively upon the case of Webb v. City of Eminence, 282 Ky. 849, 140 S. W. (2d) 622; whilst, defendant in the warrant, and appellee here, rests his case entirely on our opinion in the case of Commonwealth, for Use and Benefit of City of Hazard v. Day, 287 Ky. 176, 152 S. W. (2d) 597. The determination of the case hinges on the interpretation to be given certain sections of Chapter 2 of the Session Acts of 1938, which it provides, ''shall be known and may be cited and referred to as the 'Alcoholic Beverage Control Law,' '' and which is Section 2554b-97 et seq., of Baldwin's Kentucky Statutes Service for 1939, and Chapter 243, with its various subsections of the 1942 Edition of KRS. In the course of the opinion we will refer to the applicable sections under the sub-division made in the last referred to publication of the statutes.

The case was tried at the hearing had in the circuit court under the agreed statement of facts, supra, the substance of which is, that defendant had complied with all of the requirements of the Alcoholic Beverage Control Law, so as to entitle him to all of the privileges conferred as a wholesale distributor of such liquors, and had equipped himself with the proper labeled delivery vehicles for that purpose; also, that Isrel was a properly licensed retail dealer in such liquors in the city of Russell, Kentucky. It was further stipulated that the driver of appellee's truck made the sale to Isrel, who then and there, paid the driver therefor, all of which occurred in the city of Russell. The beer was later delivered by the distributor to Isrel at his business location in the same city. The city had enacted an ordinance, which, inter alia, prescribed a license fee for anyone selling liquor, including beer, above a certain percentage of alcohol (which commodity in this instance did exceed), and that defendant in the warrant (appellee) had not procured such city license; wherefore, he was arrested and tried in the manner indicated.

Appellee insists—and the trial court so held—that the authority given him by his permit license under Sec-

tion 243.180, KRS (Subsection 199 of Section 2554b in Baldwin's Revision of KS), also conferred on him permission to make sales of the commodities involved to retailers located outside of the territory of the licensed distributor's place of business, and to deliver such liquors in his own trucks.

It is, therefore, contended that the city of Russell had no right to prescribe otherwise, and to exact from him a license fee for making the sale, in the manner stipulated, since such an ordinance would be in conflict with the sections of the statutes referred to. We have read the section under which that claim is based, and we find nowhere therein that a licensed distributor under the Alcoholic Beverage Control Law, has the right to make sales of the commodity that he handles as such distributor at any other place than at his licensed premises. The privileges of a wholesale beer distributor, are measured and limited by Section 21 of the Alcoholic Beverage Control Act, which is Section 243.120, KRS (Section 2554b-118 et seq., of Baldwin's 1939 Revision of KS), relating to the authority conferred on wholesalers, manufacturers and distributors of intoxicating liquors to retailers, and which section confines his right to sell such commodity only at his licensed premises.

It will thus be seen that appellee's state license and permit did not confer upon him the privilege of making sales of his commodity at any point except at the licensed premises. It is not disputed that the city of Russell had the right, in the exercise of conferred police power, to provide by ordinance a license for the privilege of selling such commodity within its corporate limits, since such privilege was not embraced within the authority conferred by the state license and permits held by appellee. Such was the exact holding of this court in the Webb case, supra; but which—as hereinbefore pointed out—defendant in the warrant, and appellee here, contends is not applicable because of our opinion in the later case of Commonwealth, for Use and Benefit of City of Hazard v. Day, supra.

Counsel for appellee, in making that contention, overlooks the fact that the prosecution in the Day case, under an ordinance of the city of Hazard, was not one against *selling* of the commodity dealt with, within the city of Hazard, without obtaining the ordinance license and paying the fee therefor. On the contrary, it was a

prosecution for that part of the ordinance of the city of Hazard attempting to levy a license fee upon distributors operating their trucks in making deliveries within the city of Hazard, under contracts legally made at their place of business, and which was the situation in the city of Hazard case, since the sale there involved was made at the place of business of the defendant in the warrant, and the product was later transported and delivered by him to the purchaser's place of business in the city of Hazard. The ordinance was, therefore, in direct conflict with the privileges given to the wholesaler and distributor by statute. The circuit court in that case, therefore, held that the ordinance of the city in attempting to levy the license tax on the distributor—under the facts therein appearing—was unauthorized, and which judgment we affirmed.

We, therefore, conclude that this case is on all fours with our opinion in the Webb case, in each of which the prosecution was for *selling* liquor within the city without a city license, which the city had the right to provide; whilst, the City of Hazard case was one for distributing such liquor and operating trucks within the city, and which liquor had theretofore been legally sold.

Having arrived at that conclusion, it follows that the judgment of the Greenup circuit court was, and is, erroneous, and it is reversed for proceedings consistent with this opinion.